596 A.2d 1193

**ST. JOE CONTAINER COMPANY, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (STAROSCHUCK), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 14, 1991.

Decided Aug. 13, 1991.

Petition for Allowance of Appeal Granted Dec. 16, 1991.

Karen L. Hughes, for petitioner.

Robert X. Medonis, for respondent.

Before PELLEGRINI and KELLEY, JJ., and SILVESTRI, Senior Judge.

PELLEGRINI, Judge.

St. Joe Container Company (Employer) appeals the order by the Workmen's Compensation Appeal Board (Board) modifying a Referee's decision which had granted Employer's request that Andrew Staroschuck (Claimant) receive partial disability payments because he failed to accept suit-

able work.* The Board modified the Referee's decision by providing that partial disability payments be paid to Claimant for six months but then total disability payments be resumed. The basis for the Board's decision was that work offered by Employer to Claimant was only available for six months.

Claimant was employed as a machine operator and was a member of the union representing employees at Employer's plant. During the course of his employment, Claimant sustained a low-back strain, which ultimately resulted in Employer agreeing to pay Claimant total disability benefits.

On April 25, 1986, Employer offered Claimant a job as a shipping clerk, a newly created salaried non-union position. Claimant refused the position because he had been a member of the union for 36 years and was 11th or 12th on the plant seniority list, and if he had taken this non-union position for longer than six months, he would have lost his union seniority. Even though Employer offered that if Claimant would perform the job for six months and if he was unsatisfied with the position, after that period, he could return to the union, Claimant still refused.

The Employer filed a Modification Petition, requesting a modification as of May 1, 1986, and averring that the Employer had offered Claimant a job within his physical limitations which Claimant had refused to accept. The Employer also requested a supersedeas, which was granted in part after the first hearing, with direction to the Employer to pay partial disability compensation as of August 27, 1986.

The Referee found that the Employer met its burden of proving that Claimant was physically capable of performing the job of shipping clerk and that the job was available to him. The Referee further determined that Claimant's refusal to accept the new position was unreasonable, "as the claimant had up to six months to try the job, and that if it didn't work out, he could return to the hourly union work-

* This case was reassigned to the authoring Judge on June 11, 1991.

ers with no effect on his union seniority, as well as the fact that the claimant would have received the same vacation benefits that he previously had, a credit for past retirement benefits earned, as well as the salaried life and health benefits." (Finding of Fact No. 11). The Referee granted modification and ordered the Employer to pay partial disability benefits as of May 1, 1986.

Claimant appealed to the Board, alleging that the evidence did not support the Referee's findings that the job was available to him and that the Employer made a good faith effort to return him to work. The Board found that the job description was adequate. The Board next addressed the question of whether the penalties attached to the job (loss of union seniority) rendered the job unavailable to Claimant. The Board concluded that the loss of union seniority with its attendant benefits rendered the job available for only a period of six months. Accordingly, it modified the Referee's decision and directed that partial disability payments be made until November 1, 1986, at which time total disability payments plus 10% interest were reinstated.

■ The Employer presents the question of whether the Board erred in reversing the Referee's grant of the modification petition when the Employer presented credible evidence that work with Claimant's physical capabilities was offered to and available for him to perform but he refused to return to work.[1]

■ In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), our Supreme Court held that an employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition, then must pro-

---

1. Our scope of review is limited to determining whether an error of law was committed, constitutional rights were violated and whether all necessary findings of fact are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.)*, 132 Pa. Commonwealth Ct. 292, 572 A.2d 845 (1990).

duce evidence of a referral to a then open job which fits in the occupational category for which the claimant has been given medical clearance. The claimant must then demonstrate that he has in good faith followed through on the job referral.

Determining whether a job was an available one under the criteria that our Supreme Court established in *Kachinski,* this Court held in *Fledderman v. Workmen's Compensation Appeal Board (Stackpole Carbon Corp.),* 93 Pa. Commonwealth Ct. 44, 500 A.2d 215 (1985), that where, as here, a claimant would lose his union seniority if he occupied a non-union position for longer than six months, partial disability would be paid for that period. But after six months, we held that total disability payments would resume because the job was no longer "available." Accordingly, we affirm the Board's order that Claimant's benefits should be reduced only for the six months that Claimant could have performed the proffered job without losing his union seniority.

## ORDER

AND NOW, this 13th day of August, 1991, the order of the Workmen's Compensation Appeal Board is affirmed.

SILVESTRI, Senior Judge, dissenting.

I would reverse the Board and reinstate the decision of the referee granting employer's petition for modification and ordering partial disability benefits, for the following reasons.

The majority relies upon *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987) and *Fledderman v. Workmen's Compensation Appeal Board (Stackpole Carbon Corp.),* 93 Pa. Commonwealth Ct. 44, 500 A.2d 215 (1985) in their determination that Staroschuck's benefits should be reduced only for the six months he could have performed the

new shipping clerk position without losing his union seniority.

The Supreme Court in *Kachinski* set forth the criteria for job availability to modify or terminate benefits. The fact that the available job may jeopardize union membership is not one of the criteria. In this case, the employer fully complied with the mandates set forth in *Kachinski*, i.e. employer established that work within Staroschuck's physical capabilities was open and available to him but he refused to return to work because of the possibility of jeopardizing his union status.

In *Fledderman*, this Court found that there was no lack of good faith in claimant's refusal to bid on an available job because the penalties which would result were too harsh. The claimant had been employed for 30 years as a carpenter when he was injured. Under the collective bargaining agreement with the employer if he were to bid on the available job he would have lost all of his seniority and job status as a carpenter. The referee awarded total disability benefits and the Board reversed. We reversed the Board, finding that the referee properly declared the job unavailable to the claimant in light of the penalties attendant upon its acceptance by him. However, in *Fledderman*, the employer did not declare the job open to claimant but merely invited him to bid for it; whereas, in the present case, the shipping clerk position was open and available to Staroschuck.

Furthermore, the record established, and the referee found as a fact, that Staroschuck would receive the same vacation benefits he previously had; credit for past retirement benefits earned; and life and health benefits of a salaried employee. Thus, the penalties which this Court found harsh in *Fledderman* are absent here. Staroschuck also had six months to try the available position without any effect on his union seniority. His failure to do so equates with a refusal to return to work and should disqualify him from receiving total disability benefits under the Workmen's Compensation Act, which contains no provisions for

continuation of disability benefits to claimants who refuse non-union work. The holding advocated by the majority engrafts upon the Workmen's Compensation Act, as well as upon *Kachinski,* an exception for union members' refusal of available work which neither the legislature nor the Supreme Court saw fit to provide.

If it is to become the policy in this Commonwealth to award total disability benefits to injured workers who refuse an available position because acceptance of the position may jeopardize their union status and/or rights accrued thereunder, such a policy should be articulated by the legislature either by amending the Workmen's Compensation Act to so provide, or by enacting separate legislation requiring bargaining units to maintain union membership and rights therein acquired. Effectuating such a change is not the function of the courts.