Edmondo BEMIS, Petitioner

v.

**WORKERS' COMPENSATION APPEAL BOARD (PERKIOMEN GRILLE CORP.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2011.

Decided Dec. 27, 2011.

Reconsideration Denied Feb. 10, 2012.

Andrew C. Onwudinjo, Pottsville, for petitioner.

Francis Moritz, Philadelphia, for respondent Perkiomen Grille Corp.

BEFORE: COHN JUBELIRER, Judge, and McCULLOUGH, Judge, and BUTLER, Judge.

OPINION BY Judge McCULLOUGH.

Edmondo Bemis (Claimant) petitions for review of the November 23, 2010, order of the Workers' Compensation Appeal Board (Board), which affirmed the decision of a Workers' Compensation Judge (WCJ) denying Claimant's claim petition. We now reverse and remand.

Claimant worked for Perkiomen Grille Corp. (Employer) as a chef and manager and had a history of smoking for approximately 30 years. On April 11, 2008, as Claimant was moving kegs of beer in Employer's walk-in cooler, he experienced pain in his chest and cheeks. He immediately went back to his office, where he lay down for approximately two hours until the pain subsided. Claimant did not seek medical assistance, but he did inform Employer's owners about the incident at a meeting later the same day. Claimant performed his regular duties the next two days without incident. (Finding of Fact No. 3.)

However, on April 14, 2008, Claimant felt the same chest pain while he was lifting a heavy pot of chili at work. Claimant's wife discovered Claimant resting in his car in the parking lot and she decided to take him to their family physician, who immediately directed Claimant to the hospital.[1] Claimant was subsequently hospitalized for two to three days. Thereafter, Claimant returned to work and continued to work without any symptoms until May 27, 2008. On May 28, 2008, Claimant underwent quintuple bypass surgery. Claimant later learned that Employer had replaced him at work. *Id.*

On August 25, 2008, Claimant filed a petition to reinstate compensation benefits, later amended to a claim petition, alleging that he sustained a work-related injury on April 11, 2008, which had worsened to the point that he required surgery on May 28, 2008, and which rendered him totally disabled.[2] (R.R. at 1a–3a.) Employer filed an answer denying Claimant's allegations, and the case proceeded with hearings be-

---

1. Claimant's wife also worked for Employer.

2. The record does not indicate what benefits, if any, Claimant previously received.

fore the WCJ.[3] (R.R. at 4a–5a.) Claimant testified as to the facts described above.

Claimant also offered the deposition testimony of Kenneth P. Skorinko, M.D., who is board-certified in cardiology, interventional cardiology, and internal medicine. Dr. Skorinko reviewed Claimant's medical records and first examined Claimant on August 7, 2008. Dr. Skorinko testified that his physical examination revealed a healthy male whose blood pressure was well-controlled. However, Dr. Skorinko noted that Claimant underwent a heart catheterization on April 14, 2008, and that tests at that time revealed troponin levels consistent with recent myocardial damage or acute coronary syndrome, which he described as a significant narrowing in the coronary arteries. Dr. Skorinko indicated that Claimant eventually underwent a quintuple bypass surgery on May 28, 2008. Dr. Skorinko opined that the lifting incidents on April 11 and 14, 2008, certainly could have precipitated and probably did precipitate Claimant's myocardial event. Dr. Skorinko explained that Claimant's physical exertion on the aforementioned days resulted in a further narrowing of his coronary arteries, thereby decreasing the blood supply to his heart and resulting in the chest pain and myocardial damage. (Finding of Fact No. 4.)

Employer offered the deposition testimony of Paul Gulotta, M.D., who is board-certified in internal medicine and cardiology. Dr. Gulotta examined Claimant on January 6, 2009, and similarly found him to be in good health and fully recovered from the 2008 heart attack and surgery. Dr. Gulotta opined that Claimant's heavy lifting on the aforementioned days may have caused a plaque rupture and led to an acute heart attack. Dr. Gulotta admitted that the medical records did not show such a rupture and that he only thought it was the likely sequence of events. (Finding of Fact No. 5.)

The WCJ accepted the testimony of Claimant and Dr. Skorinko as credible. Nevertheless, the WCJ concluded that Dr. Skorinko's testimony was equivocal and legally insufficient to establish a causal relationship between Claimant's lifting incidents at work and his subsequent heart attack. Consequently, the WCJ further concluded that Claimant failed to meet his burden of proof. Hence, the WCJ denied Claimant's claim petition.[4] Claimant appealed to the Board, which affirmed the WCJ's decision.

■ On appeal to this Court,[5] Claimant argues that the WCJ erred as a matter of law in concluding that the testimony of Dr. Skorinko was equivocal. We agree.

■ In a claim petition proceeding, the burden is on the claimant to establish all the necessary elements to support an award of compensation. *Inglis House v. Workmen's Compensation Appeal Board (Reedy)*, 535 Pa. 135, 634 A.2d 592 (1993).

---

3. During the course of these hearings, on October 27, 2008, Claimant filed an actual claim petition which contained a description of the alleged work-related injury as a severe myocardial infarction. (R.R. at 6a–7a.) The remaining allegations mirrored the allegations of Claimant's original reinstatement/claim petition. Employer again filed an answer denying Claimant's allegations. (R.R. at 9a–10a.)

4. The WCJ also dismissed Claimant's October 27, 2008, claim petition to the extent it was duplicative of his original reinstatement/claim petition.

5. Our scope of review is limited to determining whether findings of fact were supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *Meadow Lakes Apartments v. Workers' Compensation Appeal Board (Spencer)*, 894 A.2d 214 (Pa.Cmwlth.2006).

A heart attack that results from a preexisting cardiac condition that is aggravated by the claimant's employment is compensable, *Matlack, Inc. v. Workmen's Compensation Appeal Board (Rennie),* 71 Pa. Cmwlth. 270, 454 A.2d 1172 (1983), and the question of whether a heart attack occurred within the scope of the claimant's employment is a question of law based on factual findings. *Haddon Craftsmen, Inc. v. Workers' Compensation Appeal Board (Krouchick),* 809 A.2d 434 (Pa.Cmwlth. 2002), *appeal denied,* 573 Pa. 686, 823 A.2d 146 (2003). In this regard, an employer is liable for a disability caused by a combination of work-related and non-work-related factors, so long as the claimant establishes that the work-related cause is a substantial contributing factor to the disability. *Gumm v. Workers' Compensation Appeal Board (J. Allan Steel),* 942 A.2d 222 (Pa. Cmwlth.2008).

■ In cases where the causal connection between a claimant's work and his injury is not obvious, including heart attack cases, the connection must be established by unequivocal medical testimony. *Haddon Craftsmen.* Whether expert testimony is equivocal is a question of law fully reviewable on appeal. *Inservco Insurance Services v. Workers' Compensation Appeal Board (Purefoey),* 902 A.2d 574 (Pa.Cmwlth.2006), *appeal denied,* 591 Pa. 685, 917 A.2d 316 (2007). In making that determination, we examine the testimony of a witness as a whole and do not take words or phrases out of context. *Haddon Craftsmen.* A medical expert's testimony is unequivocal if, after providing a foundation, he testifies that he believes or thinks the facts exist. *Id.* In other words, the medical witness must testify not that the injury or condition might have or possibly came from the assigned cause but that, in his professional opinion, the result in question did come from the assigned cause. *Lewis v. Workmen's Compensation Appeal Board,* 508 Pa. 360, 498 A.2d 800 (1985).

■■ However, the law does not require every utterance which escapes the lips of a medical witness on a medical subject to be certain, positive, and without reservation or exception. *Philadelphia College of Osteopathic Medicine v. Workmen's Compensation Appeal Board (Lucas),* 77 Pa.Cmwlth. 202, 465 A.2d 132 (1983). A medical witness's use of words such as "probably," "likely," and "somewhat" will not render an opinion equivocal so long as the testimony, read in its entirety, is unequivocal and the witness does not recant the opinion or belief first expressed. *Deitrich v. Workmen's Compensation Appeal Board (Shamokin Cycle Shop),* 136 Pa.Cmwlth. 557, 584 A.2d 372 (1990); *Philadelphia College of Osteopathic Medicine.*

■ In the present case, the WCJ and the Board relied on two statements taken from Dr. Skorinko's deposition testimony in concluding that the same was equivocal, namely that "lifting the kegs certainly could have precipitated and probably did precipitate the incident" and that it was "very likely that lifting the hundred-pound kegs of beer ... precipitated the event." (R.R. at 97a.) While these statements appear to render Dr. Skorinko's testimony equivocal, a review of Dr. Skorinko's entire testimony as a whole does not support such a conclusion. To the contrary, Dr. Skorinko provided unequivocal medical testimony causally connecting the incidents at work on April 11 and 14, 2008, to Claimant's heart attack.

Specifically, Dr. Skorinko testified that Claimant suffered from "acute coronary syndrome ... he had significant narrowing in his coronary arteries, and the exertion that he performed on the 11th, and then again on the 13th, caused this gentleman to have further chest discomfort and ulti-

mately led to his hospitalization." [6] (R.R. at 91a.) Dr. Skorinko noted that, in layman's terms, "acute coronary syndrome" means "an impending heart attack." (R.R. at 92a.) Dr. Skorinko explained that "the demand of the exertion exceeded the supply of blood that was available," which resulted in Claimant's chest discomfort and eventual heart attack. *Id.* Dr. Skorinko also stated that laboratory studies conducted on April 14, 2008, revealed elevated troponins, which are indicative of a heart attack. (R.R. at 93a–94a.)

While Dr. Skorinko went on to testify that "lifting the kegs certainly could have precipitated and probably did precipitate the incident" and that it was "very likely that lifting the hundred-pound kegs of beer, based on the coronary anatomy that [Claimant] had, precipitated the event," Dr. Skorinko clarified that it "certainly appears" that the only precipitating event of both incidents was Claimant's work activity on the days in question. (R.R. at 96a–98a.) Dr. Skorinko further testified that Claimant's work activity on these days was a significant factor in his heart attack. (R.R. at 98a.)

On cross-examination, Dr. Skorinko acknowledged that the plaque buildup in Claimant's coronary arteries was not caused by his work, but Dr. Skorinko again explained that the stress of the lifting caused an irritation of these arteries, resulting in an increased narrowing and decreased blood flow to Claimant's heart. (R.R. at 100a.) Dr. Skorinko acknowledged that Claimant informed him that he worked out in the mornings of April 11 and 14, 2008, but stated that he did not report any discomfort after working out. (R.R. at 102a.) Rather, Claimant only reported discomfort after lifting the kegs of

beer and pot of chili. *Id.* Finally, on redirect examination, Dr. Skorinko opined that Claimant's "vigorous exertion" on April 11 and 14, 2008, "certainly" resulted in his heart attack. (R.R. at 106a–07a.)

Based upon our review of Dr. Skorinko's testimony as a whole, we must conclude that the WCJ and the Board erred in concluding that his testimony was equivocal.

Accordingly, we reverse the Board's order and we remand to the Board with instructions to remand to the WCJ for a calculation of Claimant's benefits.

### ORDER

AND NOW, this 27th day of December, 2011, the order of the Workers' Compensation Appeal Board (Board), dated November 23, 2010, is hereby reversed. The matter is remanded to the Board with instructions to remand to the Workers' Compensation Judge for a calculation of Edmondo Bemis' benefits.

Jurisdiction relinquished.

---

**6.** Dr. Skorinko appears to have inadvertently referred to the date of the second incident as April 13 rather than April 14.