# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Augustine, : 
: 
           Petitioner : 
: 
          v. : No. 713 C.D. 2015
: Submitted: November 13, 2015
Workers' Compensation Appeal : 
Board (SCI Graterford), : 
: 
          Respondent : 


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**              **FILED: December 23, 2015**


       Robert Augustine (Claimant) petitions for review of the April 7, 2015 order of the Workers' Compensation Appeal Board (Board) that affirmed the November 6, 2013 decision and order of the Workers' Compensation Judge (WCJ). The WCJ found that Claimant failed to demonstrate that he had suffered additional injuries as a result of his work injury and that State Correctional Institutions – Graterford (Employer) had sustained its burden by demonstrating that Claimant was fully recovered from his work injuries; pursuant to the Workers' Compensation Act[1] (Act), the WCJ denied Claimant's Review Petition and granted Employer's Termination Petitions. For the following reasons, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2708.

On August 9, 2011, Claimant was sitting in a plastic chair when the legs of the chair gave way, causing Claimant to fall and sustain work-related injuries described as "sprains/contusions of the cervical and thoracic spine and bilateral shoulders." (August 30, 2011 Notice of Compensation Payable; WCJ Decision, Findings of Fact (F.F.) ¶1.) Employer issued a Notice of Compensation Payable and in lieu of workers' compensation benefits, Claimant was paid his full salary under the Heart and Lung Act.[2] (*Id*. F.F. ¶¶1-2.) On April 26, 2012, Neil Kahanovitz, M.D., a board-certified orthopedic surgeon who specializes in spinal conditions, performed an independent medical examination of Claimant and concluded that Claimant had fully recovered from his work-related injuries. (*Id*. ¶5a-b.) Relying on Dr. Kahanovitz's opinion, Employer filed two Termination Petitions on July 17, 2012. (*Id*. ¶3.) On August 16, 2012, Claimant filed a Review Petition alleging that the work-related injuries accepted in the Notice of Compensation Payable should be expanded to include "cervical disc herniation and aggravation of cervical degenerative disc disease with radiculopathy." (*Id*. ¶4.) In support of his petition, Claimant relied upon the opinion of Douglas Kimmel, D.O., who is board-certified by the American College of Osteopathic and Family Practitioners; Dr. Kimmel examined Claimant on March 2, 2012, and ordered new MRI and EMG studies, which he reviewed in forming his opinion that Claimant was not fully recovered from his injuries and that his accepted injuries should be expanded. (*Id*. ¶6a-b, h-I, n.)

Before the WCJ, Employer submitted the deposition testimony of Dr. Kahanovitz and Claimant submitted the testimony of Dr. Kimmel. (*Id*. ¶¶5, 6.) Claimant testified before the WCJ on April 18, 2013. (*Id*. ¶7.)

---

[2] Act of June 28, 1935, P.L. 477, *as amended*, 53 P.S. §§ 637–638.

In the November 6, 2013 decision, the WCJ found that the testimony of Dr. Kahanovitz was more credible than the testimony of Dr. Kimmel and that the testimony of Dr. Kimmel was not credible to the extent Dr. Kimmel opined that Claimant was not fully recovered from his work injuries and that Claimant had injuries in addition to those accepted in the Notice of Compensation Payable. (*Id*. ¶¶8-9.) The WCJ also explicitly rejected Dr. Kimmel's testimony where it conflicted with the testimony of Dr. Kahanovitz. (*Id*.) The WCJ further found that Claimant's testimony was not credible and rejected Claimant's testimony concerning any ongoing injury as contrary to the credible medical evidence of record. (*Id*. ¶10.) Based on these findings, the WCJ denied Claimant's petition and granted Employer's petitions. (*Id*. Conclusions of Law (C.L.) ¶¶2-3.) Claimant appealed the WCJ's decision to the Board.

In its April 7, 2015 decision affirming the WCJ, the Board concluded that the WCJ did not err and that the issues raised by Claimant on appeal were an attempt to challenge the WCJ's credibility determinations. (Board Decision at 6-7.) Following a thorough review of the record, the Board concluded that Dr. Kahanovitz's testimony was unequivocal, that the WCJ gave a clear explanation of why Dr. Kahanovitz's testimony was accepted and Dr. Kimmel's was not, and that the WCJ's decision was supported by substantial evidence. (*Id*.) Claimant petitioned this Court for review of the Board's decision.[3]

Before this Court, Claimant argues that the Board erred in concluding that the WCJ's decision to grant Employer's Termination Petitions was supported

---

[3] This Court's review of an order of the Board is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Bufford v. Workers' Compensation Appeal Board (North American Telecom)*, 2 A.3d 548, 551 (Pa. 2010).

3

by substantial evidence. Claimant contends that Dr. Kahanovitz failed to unequivocally address the injury to Claimant's shoulder and that Employer, therefore, failed to sustain its burden under the Act. Claimant also argues that Employer failed to demonstrate that his ongoing symptoms are unrelated to his work-related injury. We disagree and we conclude, as the Board did, that Claimant's arguments are essentially an attempt to challenge the WCJ's credibility determinations on appeal.

In workers' compensation matters, the WCJ is empowered to weigh evidence and determine the credibility of witnesses; as the exclusive finder of fact, the WCJ's findings are conclusive on appeal. *Daniels v. Workers' Compensation Appeal Board (Tristate Transport)*, 828 A.2d 1043, 1052 (Pa. 2003). Where an employer has filed a termination petition, the employer must prove by competent medical evidence that addresses all of the claimant's compensable injuries that the disability related to the compensable injury has ceased. *Casne v. Workers' Compensation Appeal Board (Stat Couriers, Inc.)*, 962 A.2d 14, 16 (Pa. Cmwlth. 2008); *Carpentertown Coal & Coke Co. v. Workmen's Compensation Appeal Board (Seybert)*, 623 A.2d 955, 957 (Pa. Cmwlth. 1993).

In arguing that Employer failed to meet its burden, Claimant focuses on Dr. Kahanovitz's statement during his deposition that he did not examine the Claimant's shoulder. (Kahanovitz Deposition at 31-32.) Claimant contends that Dr. Kahanovitz's testimony is not competent medical evidence because the accepted injuries included bilateral shoulder strains and contusions. Claimant's argument is not supported by Dr. Kahanovitz's testimony.

On cross-examination by Claimant's counsel, Dr. Kahanovitz testified:

4

[Dr. Kahanovitz]: I didn't examine the shoulder.  As you know—as I stated earlier, my practice is restricted to the spine, so that I only examined this individual with respect to any spinal complaints he might of had.

[Claimant's Counsel]:  You're not offering an opinion regarding the shoulder condition as you're testifying here today?

[Dr. Kahanovitz]:  That's correct.  I mean, other than the contusion, which obviously would have healed within that time frame, I'm not offering any opinions relative to any shoulder disorder or dysfunction.

[Claimant's Counsel]:  You're not offering any opinion regarding the shoulder strain, correct?

[Dr. Kahanovitz]: Other than the fact that if it involved the trapezius, it would—which is where his complaints centered, that would have been recovered.  If it was within the shoulder joint, I am not.

(*Id*.)  Claimant's injury was not to the shoulder joint; the Notice of Compensation Payable clearly states that Claimant sustained "sprains/contusions of the cervical and thoracic spine and bilateral shoulders."  (August 30, 2011 Notice of Compensation Payable; WCJ Decision, F.F. ¶1.)  Dr. Kahanovitz testified that, in his opinion, Claimant was fully recovered from his work-related injuries, injuries which Dr. Kahanovitz detailed in his testimony and specifically addressed, including Claimant's shoulder injuries.  (Kahanovitz Deposition at 12, 16-17, 19.)

In determining whether the testimony of a medical witness is unequivocal, we examine the testimony as a whole and do not take words or phrases out of context.  *Bemis v. Workers' Compensation Appeal Board (Perkiomen Grille Corp.)*, 35 A.3d 69, 72 (Pa. Cmwlth. 2011).  If, after examining the testimony as whole, we conclude that the medical expert has laid a foundation

and, based on this foundation, has reached a certain, specific consistent opinion, then the medical witness' opinion is not equivocal and is sufficient as a matter of law. *Id.* Dr. Kahanovitz's testimony contains no equivocation. Dr. Kahanovitz testified at length why and how he concluded that Claimant was fully recovered from his sprains/contusions of the cervical and thoracic spine and bilateral shoulders, discussing his physical examination of Claimant and his review of Claimant's injury, medical records and past tests. (Kahanovitz Deposition at 12-26.); *see also Southwest Airlines v. Workers' Compensation Appeal Board (King)*, 985 A.2d 280, 286 (Pa. Cmwlth. 2009) (discussing the type of medical evidence examined by a testifying physician that supports the legal conclusion that the physician's testimony is competent). The small section of Dr. Kahanovitz's deposition highlighted by Claimant merely underscores the careful and specific nature of Dr. Kahanovitz's testimony as a whole. Dr. Kahanovitz's testimony is neither equivocal nor incompetent and is fully sufficient as a matter of law to support the conclusion that Claimant has fully recovered from his work-related injuries.

In the November 6, 2013 decision, the WCJ clearly and thoroughly explained why Dr. Kahanovitz was credited and Dr. Kimmel was not:

8. [This WCJ] finds the testimony of Dr. Kahanovitz more credible and convincing [than] the testimony of Dr. Kimmel. Dr. Kahanovitz's opinion that Claimant is fully recovered from his work-related sprains/contusions of the cervical and thoracic spines and bilateral shoulders and is capable of returning to work in an unrestricted capacity is accepted in its entirety as fact. Dr. Kahanovitz's opinion that Claimant did not sustain any additional injuries as a result of the August 9, 2011 work injury is also accepted in its entirety as fact. Significant to this WCJ's determination are the following facts: 1) Dr. Kahanovitz's credentials as a Board-Certified Orthopedic Surgeon

6

that specializes in conditions of the spine; 2) the August 17, 2011 cervical MRI study failed to show any acute, traumatic disc herniations or abnormalities when compared to a pre-injury MRI study performed on November 24, 2003; 3) Claimant's normal physical examination with substantial evidence of illness behavior and symptoms magnification; and 4) the lack of clinical correlation between Claimant's subjective complaints of pain and the findings on diagnostic testing.

9. This WCJ finds the testimony of Dr. Kimmel not credible and convincing to the extent that Claimant has ongoing work-related injuries from which he is not fully recovered, cannot return to work as a Corrections Officer, and that he sustained additional injuries as a result of the August 9, 2011 work injury. Dr. Kimmel's testimony is rejected where it conflicts with the testimony of Dr. Kahanovitz. Significant to this WCJ's determinations are the following facts: 1) Dr. Kimmel's failure to obtain Claimant's complete pre-injury medical history including involvement in at least six car accidents; 2) Dr. Kimmel's failure to provide Dr. Hutt who interpreted the MRI done on May 4, 2012 with the MRI prior studies for review and comparison; 3) Dr. Kimmel's lack of objective findings on physical examination; 4) Dr. Kimmel's failure to explain the clinical correlation between Claimant's subjective complaints of pain and the findings on diagnostic testing; 5) Dr. Kimmel's testimony that Claimant's financial situation has compromised his medical care when Claimant was continued to receive his full salary under the Heart & Lung Act; and 6) Dr. Kimmel's failure to review the records of the physicians that treated Claimant before Dr. Kimmel's initial evaluation on March 2, 2012.

(WCJ Decision, F.F. ¶¶8-9.) In addition to thoroughly discussing the findings related to the credibility of each doctor's testimony, the WCJ stated the following regarding Claimant's credibility:

10. The WCJ finds, after considering all of the evidence in its entirety, that the testimony of Claimant is not credible and not convincing to the extent that it contradicts the credible evidence of

7

record. This Judge rejects Claimant's testimony as to any ongoing, residual effects of his work injury as same is in contradiction with the credible medical evidence of record. Significant to this WCJ determination are the following facts: 1) this WCJ's observation of Claimant's demeanor during his testimony; 2) Claimant's failure to give a complete medical history to [his] treating physician including significant prior injuries to his neck and back as a result of at least six car accidents; 3) Claimant's testimony regarding a difficult financial situation despite his continued receipt of his full salary under the Heart & Lung Act; and 4) the illness behavior and symptom magnification demonstrated by Claimant on physical examination as documented by multiple physicians.

(*Id*. F.F. ¶10.) The record contains no credible evidence of any ongoing symptoms or additional injuries related to Claimant's work injury. The only evidence concerning ongoing symptoms or additional injuries was offered by Claimant and the WCJ did not find Claimant credible. In contrast, the record contains ample, credible evidence that Claimant is fully recovered. Accordingly, the WCJ's decision to grant Employer's Termination Petitions and to deny Claimant's Review Petition is supported by substantial evidence.

The order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Augustine, : 
              Petitioner : 
              v. : No. 713 C.D. 2015

Workers' Compensation Appeal : 
Board (SCI Graterford), : 
              Respondent :

## O R D E R

AND NOW, this 23rd day of December, 2015, the Order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby AFFIRMED.

_____
**JAMES GARDNER COLINS, Senior Judge**