The Arms Trucking Company,         :
                    Petitioner   :
                                  :
                  v.                :
                                  :
Workers' Compensation Appeal    :
Board (Eichenberger),          :   No. 269 C.D. 2017
                 Respondent   :   Submitted: June 30, 2017

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                     FILED: August 22, 2017

The Arms Trucking Company (Employer) petitions this Court for review of the Workers' Compensation (WC) Appeal Board's (Board) February 10, 2017 order affirming the Workers' Compensation Judge's (WCJ) decision granting Keith Eichenberger's (Claimant) Claim Petition (Claim Petition) and Petition for Review of Compensation Benefits (Review Petition). Employer presents two issues for this Court's review: (1) whether the WCJ erred in awarding temporary total disability benefits to Claimant; and (2) whether the WCJ erred by expanding Claimant's work injury to include a neck injury. After review, we affirm.

Claimant was employed by Employer as a full-time truck driver. On November 21, 2011, Claimant filed the Claim Petition alleging a work-related injury in the nature of left shoulder impingement syndrome. Claimant sought full disability benefits from the date of the injury, July 7, 2011, payment of his medical expenses and attorney's fees. On March 22, 2013, the parties entered into an Agreement for

Compensation (Agreement), in which "[E]mployer . . . acknowledg[ed] that [C]laimant sustained a work-related injury on [July 7, 2011], in the nature of traumatically[-]induced impingement syndrome of the left shoulder." Reproduced Record (R.R.) at 13a. The Agreement provided that the parties wished to proceed with litigation relating to Claimant's entitlement to disability benefits. On October 8, 2013, Claimant filed the Review Petition asserting that the July 7, 2011 work injury description should be amended to include the aggravation of his pre-existing degenerative neck condition.[1] Employer filed an answer to the Review Petition denying Claimant's material allegations.

WCJ hearings were held on January 4, April 25, August 22 and October 31, 2012, March 27, August 2, October 9 and December 11, 2013, and March 19, May 21 and August 6, 2014. On January 6, 2016, the WCJ granted Claimant's Claim Petition and Review Petition, awarding Claimant temporary total disability benefits from July 7, 2011 through December 10, 2012, and expanding the work injury description to include aggravation of Claimant's pre-existing degenerative neck condition. Employer appealed to the Board. On February 10, 2017, the Board affirmed the WCJ's decision. Employer appealed to this Court.[2]

---

[1] Section 301(c)(1) of the Workers' Compensation Act provides, in relevant part:

> The terms 'injury' and 'personal injury' as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, . . . arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is **aggravated, reactivated or accelerated by the injury**.

Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 411(1) (emphasis added).

[2] "On review[,] this Court must determine whether constitutional rights were violated, errors of law were committed, or necessary findings of fact were supported by substantial competent evidence." *Stepp v. Workers' Comp. Appeal Bd. (FairPoint Commc'ns, Inc.)*, 99 A.3d 598, 601 n.6 (Pa. Cmwlth. 2014). This Court has explained:

> 'Substantial [competent] evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion.'

Employer first argues that the WCJ erred by awarding Claimant temporary total disability benefits from July 7, 2011 through December 10, 2012 because Claimant admitted that during this same time period he was totally disabled for reasons unrelated to the work injury. Specifically, Employer contends that since Claimant delayed his work injury treatment because he was undergoing chemotherapy treatments, he is not entitled to WC benefits for that period.[3] We disagree.

"The cases are clear that, where there are alleged competing causes for disability . . . , the claimant must establish that the work-related injury was a substantial, contributing factor to that disability . . . ." *Pa. State Univ. v. Workers' Comp. Appeal Bd. (Rabin, Deceased),* 53 A.3d 126, 133 (Pa. Cmwlth. 2012). Further,

> [w]hen delivering a causation opinion in a [WC] case, a doctor or medical expert is not required to use magic words such as 'substantial contributing factor,' 'materially contributed,' or . . . 'cause in fact.' Rather, '[i]t is only necessary that the doctor's testimony permit a valid inference that such causation was present.'

*Id.* (quoting *Thomas Lindstrom Co. v. Workers' Comp. Appeal Bd. (Braun),* 992 A.2d 961, 967 (Pa. Cmwlth. 2010) (citations omitted).

---

> *Waldameer Park, Inc. v. Workers' Comp. Appeal Bd. (Morrison)*, 819 A.2d 164, 168 (Pa. Cmwlth. 2003). In performing a substantial evidence analysis, this [C]ourt must view the evidence in a light most favorable to the party who prevailed before the factfinder.' *Id.* 'Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party.' *Id.*

*3D Trucking Co., Inc. v. Workers' Comp. Appeal Bd. (Fine & Anthony Holdings Int'l)*, 921 A.2d 1281, 1288 (Pa. Cmwlth. 2007).

[3] Claimant was diagnosed with and treated for non-Hodgkin's lymphoma in 2000, and was in remission at the time of his work injury. However, Claimant started receiving chemotherapy treatments in November 2011 and thereafter maintenance chemotherapy every six months for two years. Claimant finished chemotherapy treatments in June 2014. *See* R.R. at 218a, 242a-243a.

The law is well established that "[t]he WCJ is the ultimate factfinder and has exclusive province over questions of credibility and evidentiary weight." *Univ. of Pa. v. Workers' Comp. Appeal Bd. (Hicks)*, 16 A.3d 1225, 1229 n.8 (Pa. Cmwlth. 2011). Neither the Board nor the Court may reweigh the evidence or the WCJ's credibility determinations. *Sell v. Workers' Comp. Appeal Bd. (LNP Eng'g)*, 771 A.2d 1246 (Pa. 2001). This Court has stated:

> '[I]t is irrelevant whether the record contains evidence to support findings other than those made by the WCJ, the critical inquiry is whether there is evidence to support the findings actually made.' [*Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25, 29 (Pa. Cmwlth. 2005)] (quoting [*Del. Cnty.*] *v. Workers' Comp. Appeal Bd. (Baxter Coles)*, 808 A.2d 965, 969 (Pa. Cmwlth. 2002)). We review the entire record to determine if it contains evidence a reasonable mind might find sufficient to support the WCJ's findings. *Minicozzi*. If the record contains such evidence, the findings must be upheld even though the record contains conflicting evidence.

*Lahr Mech. v. Workers' Comp. Appeal Bd. (Floyd)*, 933 A.2d 1095, 1101 (Pa. Cmwlth. 2007).

We recognize that, at the April 25, 2012 hearing, Claimant testified he could not return to work because "I'm not done with my chemo[therapy] yet." Notes of Testimony (N.T.) April 25, 2012 at 6. However, when questioned: "**How about the work injury**? Do you feel better from that part of you?" Claimant related: "No, **I still need to get surgery** on that." *Id.* (emphasis added). **After the surgery**, when Claimant was questioned concerning his work-related injury: "What kind of problems do you still have today?" Claimant related: "Stiffness, constant pain. I mean, **it's just debilitating**, actually." N.T. August 6, 2014 at 10 (emphasis added).

4

Further, Oriente DiTano, M.D. (Dr. DiTano) opined:

> Diagnosis is left shoulder metastatic tumor proximal humerus and brachial plexus stretch. The brachial plexus component has limited visibility to the roof of his shoulder, I believe, and also was caused [sic] by the fall on 07/07/2011. I feel that prior to 07/07/2011 he had no discomfort, no pain and was working full-duty. After the fall he has not been able to lift his arm well or use it very well.
>
> At this point I feel that the diagnosis of the brachial plexus injury to his left arm was caused by the fall that occurred on 07/07/2011. . . .
>
> As far as work, I do not feel he can work and I've limited his work to no work because of discomfort and pain and the brachial plexus injury in his left arm.[4]

Dr. DiTano December 22, 2011 Report at 2 (R.R. at 67a). In addition, Jon Levy, M.D. (Dr. Levy) reported:

> Overall, I believe [Claimant's] prognosis referable to the cervical spine is fair. I believe in light of his pre-existent condition and recent aggravation, there is potential he will have ongoing neck pain. . . . I believe he is partially and temporarily disabled from re-entering the workplace at his pre-injury level of function.[5]

Dr. Levy December 10, 2013 Report at 2-3 (R.R. at 88a-89a). Moreover, Employer's medical expert, Steven Kann, M.D. (Dr. Kann), related: "[I]t is my opinion, again assuming the accuracy of [Claimant's] description of the work injury of July 7, 2011, that he suffered traumatically induced impingement syndrome that is persisting despite conservative treatment, and **he has not fully recovered from this**

---

[4] "This . . . opinion has been rendered with a reasonable degree of medical certainty." Dr. DiTano December 22, 2011 Report at 2 (R.R. at 67a).

[5] "All of the opinions . . . have been rendered to within a reasonable degree of medical certainty." Dr. Levy December 10, 2013 Report at 3 (R.R. at 89a).

**aforementioned diagnosis**."[6]  Dr. Kann April 4, 2012 Report at 4 (R.R. at 23a) (emphasis added).  Finally, Employer's medical expert Trenton Gause, M.D. (Dr. Gause) agreed: "Though he has reached a point of maximum medical improvement with respect to the left shoulder condition, **he is not fully recovered from such**."[7] Dr. Gause December 13, 2013 Report at 18 (R.R. at 49a) (emphasis added).

The WCJ found the testimony of Claimant, Dr. DiTano and Dr. Levy to be competent and credible, and Dr. DiTano's and Dr. Levy's medical testimony more persuasive than Dr. Kann's and Dr. Gause's testimony.  *See* Findings of Fact (FOF) 23-26.  Viewing Claimant's testimony and medical evidence in a light most favorable to the Claimant, as we must, we hold that Claimant established that his work injury was a substantial, contributing factor to his disability.  Therefore, the WCJ and the Board did not err by granting Claimant temporary total disability benefits from July 7, 2011 through December 10, 2012.

Employer next argues that the WCJ erred by expanding Claimant's work injury to include aggravation of Claimant's pre-existing neck injury.  Specifically, Employer contends that there was no competent, credible, unequivocal medical evidence of record to establish a work-related cervical injury.  We disagree.

"Just as with any other type of injury, in order for [an injury] . . . to be compensable, the claimant must establish that [it] was causally related to the [Claimant's] employment.  If the causal connection is not obvious, the connection must be established by unequivocal medical testimony." *Dietz v. Workers' Comp. Appeal Bd. (Lower Bucks Cnty. Joint Mun. Auth.)*, 126 A.3d 1025, 1030 (Pa. Cmwlth. 2015) (citation omitted).  "[M]edical testimony is unequivocal if a medical expert testifies, after providing foundation for the testimony, that, in his professional

---

[6] "[T]hese opinions are offered within a reasonable degree of medical certainty."  Dr. Kann April 4, 2012 Report at 4 (R.R. at 23a).

[7] "The above opinions are based on a reasonable degree of medical certainty. . . ."  Dr. Gause December 13, 2013 Report at 18 (R.R. at 49a).

6

opinion, he believes or thinks a fact exists."[8]  *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 80 (Pa. Cmwlth. 2012) (quoting *O'Neill v. Workers' Comp. Appeal Bd. (News Corp., Ltd.),* 29 A.3d 50, 58 (Pa. Cmwlth. 2011)).

At issue is the following statement from Dr. Levy's December 10, 2013 report:

> By history, it appears that the patient had escalation of his cervical symptoms referable to the injury of July 2011.  I had the opportunity to evaluate treatment records from Drs. DiTano and [Nicholas] Kubik.  Of note, the records focused specifically on the left shoulder and do not show documentation of cervical complaints until March 1, 2013 . . . .  Certainly, the mechanism of his injury, having undergone prior shoulder surgery and having restricted range of motion of his shoulder, these all could contribute to escalation of neck pain and increased stress on the cervical area.  By history, I believe this gentleman's pre-existent condition has been aggravated by his work event of July 2011.

Dr. Levy December 10, 2013 Report at 2 (R.R. at 88a).  Employer asserts that Dr. Levy's opinion is not unequivocal medical evidence because "the medical witness must testify not that the injury or condition 'might have' or 'possibly' come from an assigned cause, but that it is his professional opinion that the results in question did come from an assigned cause."  Employer Br. at 15.

> However, the law does not require every utterance which escapes the lips of a medical witness on a medical subject to be certain, positive, and without reservation or exception.  A medical witness's use of words such as 'probably,' 'likely,' and 'somewhat' will not render an opinion equivocal so long as the testimony, read in its entirety, is unequivocal and the witness does not recant the opinion or belief first expressed.

_____

[8] "The question of whether expert medical testimony is unequivocal, and, thus, competent evidence to support factual determinations is a question of law subject to our review."  *Amandeo v. Workers' Comp. Appeal Bd. (Conagra Foods)*, 37 A.3d 72, 80 (Pa. Cmwlth. 2012).

7

*Bemis v. Workers' Comp. Appeal Bd. (Perkiomen Grille Corp.)*, 35 A.3d 69, 72 (Pa. Cmwlth. 2011) (citation omitted). The statement at issue is excerpted from a paragraph which, in its entirety, reads:

> At the time of my evaluation, **I felt he had predominantly axial pain and by history felt he had a pre-existent degenerative condition that was aggravated by, his work situation**. I, therefore, recommended that [Claimant] undergo a trial of physical therapy, a trial of non-steroidals, and observation. At the time of my evaluation, I did not feel this was a surgical situation. I discussed the fact that he was at risk of developing myelopathy because of cervical stenosis but this would be strictly on a degenerative basis. *By history, it appears that **the patient had escalation of his cervical symptoms referable to the injury of July 2011**. I had the opportunity to evaluate treatment records from Drs. DiTano and Kubik. Of note, their records focus specifically on the left shoulder and do not show documentation of cervical complaints until March 1, 2013. By history, this gentleman had pre-existent degenerative condition of his cervical spine, had undergone prior cervical surgery, and now reports **escalating neck pain since the time of his work event**. Certainly the mechanism of his injury, having undergone prior shoulder surgery and having restricted range of motion of his shoulder, **these all could contribute to escalation of neck pain and increased stress on the cervical area**. By history, **I believe [Claimant's] pre-existent condition has been aggravated by his work event of July 2011**.*

Dr. Levy December 10, 2013 Report at 2 (R.R. at 88a) (bold and italics emphasis added). Clearly, "th[is] testimony, read in its entirety, is unequivocal . . . ." *Bemis*, 35 A.3d at 72. Accordingly, the WCJ and the Board did not err by expanding Claimant's work injury to include that injury.

For all of the above reasons, the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

The Arms Trucking Company,  :
      Petitioner :
          :
    v.      :
          :
Workers' Compensation Appeal :
Board (Eichenberger),   : No. 269 C.D. 2017
      Respondent :

## O R D E R

AND NOW, this 22nd day of August, 2017, the Workers' Compensation Appeal Board's February 10, 2017 order is affirmed.

_____
ANNE E. COVEY, Judge