**Timothy HOFFMASTER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL
BOARD (SENCO PRODUCTS,
INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 24, 1998.
Decided Dec. 16, 1998.

Michael J. Crocenzi, Harrisburg, for petitioner.

James F. Carl, Harrisburg, for respondent.

Before FLAHERTY, J., LEADBETTER, J., and NARICK, Senior Judge.

FLAHERTY, Judge.

Timothy Hoffmaster (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) which affirmed as modified an order of the Workers' Compensation Judge (WCJ). We affirm.

Claimant was injured in the course and scope of his employment with Senco Products Inc. (Employer) on April 15, 1977. A notice of compensation payable was issued on May 12, 1977, acknowledging Claimant's work-related injury in the nature of "hydroarthosis of left knee." In the fall of 1983, Employer filed a suspension petition, alleging that as of October 5, 1983, Claimant failed to return to available work within his physical capabilities. In a February 26, 1985 decision, WCJ Deeley suspended Claimant's compensation benefits but ordered Employer to continue paying Claimant's causally related medical expenses.

On March 2, 1993, Employer filed a review medical treatment petition with WCJ Clark, seeking review of Claimant's treatment after October 1992 by an orthopedic doctor, a chiropractor, and a rheumatologist. Claimant filed an answer denying the Employer's allegations. While that petition was pending, on July 7, 1994, Claimant filed his own review medical treatment petition also with WCJ Clark, alleging that as of June 30, 1994, Employer should be responsible for all medical expenses and treatments to his left hamstring, sciatic nerve and low back because they are related to his work injury of April 15, 1977. Employer filed an answer denying the Claimant's allegations.

While both those petitions were pending, in December of 1994, Employer filed an initial request for utilization review, challenging

the reasonableness of Claimant's treatment with Dr. Roumm, a rheumatologist. This initial request for utilization review was assigned to a Utilization Review Organization (URO) on December 20, 1994. The URO issued a decision on February 7, 1995, finding Dr. Roumm's treatment of Claimant to be reasonable and necessary. The Employer did not file a request for reconsideration.

While both the Employer's and the Claimant's review medical treatment petitions were yet pending, in early 1995, Employer filed an initial request for utilization review of Claimant's treatment with Dr. Zeliger, an orthopedic doctor, prescription medication, dance therapy and membership in a fitness club. The URO issued a decision, finding that the office visits with Dr. Zeliger, the membership in the fitness club and the dance therapy were unnecessary and unreasonable. The Claimant filed a request for reconsideration which was assigned to a URO which issued its decision in August 1995. The reconsidered URO decision also was not favorable to Claimant. Thus, on August 21, 1995, Claimant filed with WCJ Clark a petition for review of the utilization review determination. In this petition, Claimant asserted that Claimant's medication therapy was reasonable and necessary. Claimant further alleged that his dance therapy was reasonable and necessary. Claimant also asserted that the URO reconsidered decision failed to determine if his gym membership was reasonable and necessary.

On February 6, 1997, WCJ Clark issued his decision on the various petitions. WCJ Clark granted the Employer's March 2, 1993 review medical treatment petition, finding that Claimant's treatment by an orthopedic doctor, chiropractor and rheumatologist were "unreasonable and unnecessary and unrelated to" Claimant's work injury of April 15, 1977. (WCJ's Conclusion of Law No. 2, Reproduced Record (R.R.) at 39a). The WCJ granted in part and denied in part the Claim-

ant's August 21, 1995 petition for review of utilization review determination. The WCJ granted Claimant's petition to the extent that he found Claimant's dance therapy to be reasonable and necessary. The WCJ also determined that all prescriptions were payable. The WCJ denied Claimant's petition to the extent that he found Claimant's gym membership not reasonable or necessary.[1] The Claimant appealed to the Board which affirmed as modified the WCJ's decision. The Board found that the WCJ erred in failing to order the Employer to pay Claimant's litigation costs, finding that because the Claimant was at least partially successful in his claims, he was entitled to an award of litigation costs. Thus, the Board ordered the Employer to pay Claimant's litigation costs but otherwise affirmed the WCJ. The Claimant petitioned this court for review of the Board's order.[2]

The Claimant raises the following issues for our consideration:

Did WCJ Clark lack jurisdiction to grant the Employer's March 2, 1992 Review Medical Treatment Petition concerning the rheumatologist's treatment since a URO had found the treatment to be reasonable and necessary and the Employer did not file a proper appeal therefrom?

Did the WCJ decision lack substantial evidence to support the finding that Claimant's orthopedic, chiropractic and rheumatological treatment was unrelated to his April 15, 1977 work injury?

(See Claimant's brief at 3).

Initially, Claimant argues that because the February 7, 1995 URO decision found that Claimant's treatment by Dr. Roumm, his rheumatologist was reasonable and necessary, and that decision was not appealed by the Employer, the Employer was precluded from litigating that issue again before the WCJ via the Employer's March 2, 1993 review medical treatment petition and that the

---

1. Although not entirely clear from the WCJ's decision, it also appears that the WCJ denied Claimant's July 7, 1994 review medical treatment petition.

2. Appellate review over an order of the Board is limited to determining whether constitutional

rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. *Sellari v. Workmen's Compensation Appeal Board (NGK Metals Corp.)*, 698 A.2d 1372 (Pa.Cmwlth.1997).

WCJ was precluded from disturbing the URO's determination which became final when it was unappealed.

As a threshold matter, we observe that the Employer's February 7, 1995 petition filed with the URO only related to Claimant's treatment with Dr. Roumm whereas the WCJ's February 2, 1997 decision related to not only Dr. Roumm's treatment but also to the orthopedic and chiropractic treatments as well. Given this, the only preclusive effect, which the unappealed URO determination could have, is with regard to Dr. Roumm's rheumatological treatment. Thus, as to the orthopedic and chiropractic treatment, there was no bar to the WCJ deciding those issues.

■ In support of his position, Claimant cites to *Florence Mining Co. v. Workmen's Compensation Appeal Board (McGinnis)*, 691 A.2d 984 (Pa.Cmwlth.1997). We agree that the legal principle announced in *Florence Mining* is that "[b]ecause no appeal was taken from the initial UR determination, any question as to whether that determination was correct, based on the facts and evidence of the instant matter, was not before the WCJ, the Board, nor is it before this Court. As an unappealed determination, it is final and binding as to whether treatment was reasonable and necessary." *Id.* at 987–88. While that is a correct statement of the law, it is not clear that such a principle has applicability herein. As the Employer points out, this Court has acknowledged that "UROs have the authority to decide only the reasonableness or necessity of the treatment at issue. 34 Pa.Code §127.406(a). They have no jurisdiction, however, over either the causal relationship between the treatment under review and the employee's work-related injury or the issue of whether the employee is still disabled. 34 Pa.Code § 127.465(a)." *Warminster Fiberglass v. Workers' Compensation Appeal Board (Jorge)*, 708 A.2d 517, 520 (Pa.Cmwlth.1998). Thus, the February 7, 1995 URO determination could only have determined whether Dr. Roumm's rheumatological treatment of Claimant was reasonable and necessary. The URO could not have determined whether Dr. Roumm's rheumatological treatment of Claimant was causally related to Claimant's work injury. *Warminster Fiberglass*. Thus, the URO's determination that Dr. Roumm's treatment of Claimant was reasonable and necessary could not have a preclusive effect on the WCJ's determination regarding the different and discrete issue of whether such treatment was causally related to Claimant's compensable work-related injury.[3] Accordingly, the WCJ was not precluded from determining that Dr. Roumm's treatment was not causally related to Claimant's work injury.

■ Claimant next asserts that the WCJ's determination that Claimant's orthopedic, chiropractic and rheumatological treatment were unrelated to his work injury lacks substantial evidence in support thereof. Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion. *Bethenergy Mines v. Workmen's Compensation Appeal Board (Skirpan)*, 531 Pa. 287, 612 A.2d 434 (1992). In performing a substantial evidence analysis, this court must view the evidence in a light most favorable to the party who prevailed before the factfinder. *Birmingham Fire Ins. Co. v. Workmen's Compensation Appeal Board (Kennedy)*, 657 A.2d 96 (Pa.Cmwlth.1995). Moreover, we are to draw all reasonable inferences which are deducible from the evidence in support of the factfinder's decision in favor of that prevailing party. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Furthermore, in a substantial evidence analysis where both parties present evidence, it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ, rather, the pertinent inquiry is whether there is any evidence which supports the WCJ's factual finding. *Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations)*, 70 Pa.Cmwlth. 542, 453 A.2d 710 (Pa.Cmwlth.1982). It is solely for

---

3. To the extent that the WCJ also determined that Dr. Roumm's treatment of Claimant was "unreasonable and unnecessary," in addition to being causally unrelated, we find that such statements were merely dicta, as the only issue properly before the WCJ, in this regard, was the causal relationship between the treatment and the work-related injury.

the WCJ, as the factfinder, to assess credibility and to resolve conflicts in the evidence. *Bethenergy Mines.* In addition, it is solely for the WCJ, as the factfinder, to determine what weight to give to any evidence. *Dana v. Workers' Compensation Appeal Board (Hollywood),* 706 A.2d 396 (Pa.Cmwlth.1998). As such, the WCJ may reject the testimony of any witness in whole or in part, even if that testimony is uncontradicted. *Id.* It is with these principles in mind that we consider this challenge.

 Claimant argues that it was Employer's burden to establish that the disputed medical treatment was unrelated to Claimant's work injury. Claimant observes that the only testimony which Employer produced was the testimony of Dr. Riden, Employer's medical expert. Claimant argues that Dr. Riden never stated that "Claimant's medical treatment was not causally related to Claimant's work injury" and therefore there was no substantial evidence to support the WCJ's determination to that effect. Initially, we note, contrary to what Claimant implies, medical experts need not utilize magic words, so long as the expert's testimony taken as a whole fairly supports the proposition at issue. *Udvari v. Workmen's Compensation Appeal Board (USAir, Inc.),* 550 Pa. 319, 705 A.2d 1290 (1997). Nevertheless, the Employer asserts that the testimony it produced constituted such substantial evidence as to support the proposition that Claimant's disputed medical treatment was not related to Claimant's work injury. The Employer points to Dr. Riden's testimony wherein Dr. Riden testified that Claimant had reached maximum medical improvement for his left knee which was the location of the work related injury and that Claimant did not need any treatment from either the rheumatologist, or the chiropractor or the orthopedist. (*See* R.R. at 245a248a). Employer suggests that the only inference permissible from this testimony taken in context is that any ongoing treatment after Claimant had reached maximum medical improvement could not be causally related to the work injury as Claimant had already received all the treatment that the work related injury could benefit from. While this may not be the only permissible inference a reasonable person can draw from this evidence, it certainly is one permissible inference a reasonable person could draw. Indeed, when viewing this evidence in a light most favorable to the Employer as the party who prevailed before the factfinder and giving the Employer the benefit of all reasonable inferences, we agree that Dr. Riden's testimony constitutes evidence which a reasonable mind might accept to support the WCJ's conclusion that Claimant's ongoing disputed medical treatment after he had reached the maximum medical benefit from that treatment was not causally related to his work injury.

As the WCJ was not precluded from reaching the question of the causal relatedness of the rheumatological treatment to the work injury and as there was substantial evidence to support the WCJ's determination that the Claimant's disputed medical treatment was not causally related to the work injury, the order of the Board is affirmed.

### *ORDER*

NOW, December 16, 1998, the order of the Workers' Compensation Appeal Board dated March 26, 1998, docketed at A97–0831, is hereby affirmed.