## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anwar Singleton,                                       :
                       Petitioner              :
                                           :
         v.                                               :   No.  1095 C.D. 2021
                                           :   Submitted:  April 22, 2022
Dom Leasing, Inc. (Workers'                :
Compensation Appeal Board),           :
                     Respondent           :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED:  July 5, 2022


        Anwar Singleton (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a Workers' Compensation Judge's (WCJ) decision to grant in part and deny in part his petition for benefits (Claim Petition) under the Workers' Compensation Act (Act).[1]  Claimant argues the Board erred in holding that the WCJ had sufficient record evidence to conclude that his work injury was limited to a soft tissue injury to his neck and that he fully recovered from that injury in approximately seven months.  After review, we affirm the Board.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

Claimant worked for three weeks as a long-haul truck driver for Dom Leasing, Inc. (Employer). On August 5, 2017, while delivering goods to a Dollar Tree warehouse, he flipped his tractor-trailer on its side while negotiating a left turn. Following the accident, the Pennsylvania State Police cited Claimant for speeding and careless driving and imposed a $2,000 fine. Employer terminated Claimant's employment on August 10, 2017.

In September of 2017, Claimant filed his Claim Petition, alleging he suffered a nonspecific "injury" to his "left ankle, head, [and] neck" as a result of the accident. Reproduced Record (R.R.) at 2a.[2] Employer filed an answer denying any work injury asserted by Claimant. At a hearing held on December 14, 2017, Claimant's counsel orally amended the Petition to allege injury to Claimant's lower back. At the same hearing, Claimant testified his symptoms consisted of pain in his back and neck that sometimes interfered with his sleep. Claimant said his back pain arose approximately three weeks after the accident. Claimant also said he could not return to work as a truck driver because he would not be able to comfortably turn his neck while driving.

Employer and Claimant presented competing medical testimony to the WCJ.[3] Claimant relied on the testimony of Harris Bram, M.D. (Bram), a board-certified anesthesiologist with a subspecialty in pain management. Bram diagnosed Claimant with "a neck injury that resulted in cervical radicular symptoms going to the left arm, a left shoulder injury, left lumbar radiculopathy with back pain radiating into the left leg, headaches that are post-traumatic from the accident, and an ankle injury that has

---

[2] Leading zeros have been removed from all references to the Reproduced Record (R.R.) in this opinion.

[3] Both parties submitted deposition transcripts in lieu of live testimony.

resolved."[4]  R.R. at 20a, Finding of Fact (FOF) 4; *see also* R.R. at 235a (Deposition of Harris Bram, M.D.).  Bram arrived at these diagnoses after physically examining Claimant on multiple occasions, ordering MRI studies[5] of his neck and back, and observing Claimant's progress as he underwent a series of epidural injections in his neck.[6]  According to Bram, the MRI studies of Claimant's neck showed some arthritic "disc narrowing" that, while asymptomatic before the accident, had been "trigger[ed]" by the accident and were now causing Claimant pain.  R.R. at 235a.  Similarly, the MRI studies of Claimant's back showed some disc narrowing.  On cross-examination, Bram admitted his diagnoses of Claimant did not include a work-related injury to Claimant's shoulder or head.  Ultimately, Bram approved Claimant for light-duty work despite his ongoing pain.

Employer relied on the testimony of William Spellman, M.D. (Spellman), a board-certified orthopedic surgeon.  Spellman examined Claimant on February 8, 2018, and arrived at findings that were "completely inconsistent" with Claimant's complaints of pain.  R.R. at 21a, FOF 5.  In particular, Spellman noted that while

---

[4] "Cervical" means "pertaining to the neck."  *Cervical*, DORLAND'S ILLUSTRATED MEDICAL DICTIONARY 328 (33d ed. 2020).  "Radiculopathy" refers to a "disease of the nerve roots, such as from inflammation or impingement by a tumor or a bony spur."  *Id.* at 1547.  Similarly, "radicular" simply means "of or pertaining to a root[.]"  *Id.*

[5] "MRI" stands for "magnetic resonance imaging," which is "a method of visualizing soft tissues of the body by applying an external magnetic field that makes it possible to distinguish between hydrogen atoms in different environments."  *Magnetic resonance imaging*, DORLAND'S, note 4, above, at 904.

[6] "Epidural" means "situated upon or outside the dura mater."  *Epidural*, DORLAND'S, note 4, above, at 625.  The "dura mater" is "the outermost, toughest, and most fibrous of the three membranes . . . covering the brain and spinal cord."  *Id.* at 567.

Claimant complained of extreme, debilitating back pain[7] ranging from 8 to 10 on a 10-point scale, his physical examination was "unremarkable" and revealed no objective signs of such a severe problem. *Id.* Spellman also opined that the issues identified by the MRIs of Claimant's back could not have been caused by the alleged work-related injury. While he acknowledged that the back MRI showed a herniated disc,[8] he explained that disc herniation brought about by trauma produces instantaneous pain. Thus, because Claimant did not complain of back pain until three weeks after the motor vehicle accident, the herniated disc shown on the MRI had to be "genitive and longstanding . . . in nature." *Id.* Regarding the MRI of Claimant's neck, Spellman noted that the herniation visible in that study was on the right side of the neck, while Claimant complained of symptoms on his left side. This, again, led to the conclusion that this defect was not caused by any work-related injury. Spellman ultimately diagnosed Claimant with a soft tissue injury to his neck from which he had fully recovered by February 8, 2018, the date of Spellman's examination.

On March 18, 2019, the WCJ issued a decision granting the Claim Petition in part and denying it in part (Initial Decision). Therein, the WCJ concluded Claimant "sustained sprain and strain injuries to his left ankle, neck, left shoulder, and low back, and also had headaches . . . as a result of the work-related motor vehicle

---

[7] By the time of Spellman's examination of Claimant, Claimant said he no longer experienced any neck pain. R.R. at 21a, FOF 5. This is consistent with Claimant's later testimony at a hearing before the WCJ on October 23, 2018, where he indicated he "is not currently having any neck or shoulder pain." R.R. at 24a, FOF 9.

[8] A "herniated intervertebral disk" is a "protrusion of the nucleus pulposus or anulus fibrosus of an intervertebral disk, which may impinge on nerve roots." *Herniation of intervertebral disk*, DORLAND'S, note 4, above, at 841. The "nucleus pulposus" is "a semifluid mass of fine white and elastic fibers that forms the central portion of an intervertebral disk[,]" *id.* at 1283, and the "anulus fibrosus" is the outer ring of fibrous material that "surrounds the nucleus pulposus." *Id.* at 109.

accident on August 5, 2017." R.R. at 25a, FOF 14. However, in an apparent contradiction, the WCJ also fully credited the testimony of Spellman, who opined that Claimant's injuries were limited to a soft tissue neck injury.[9] Consistent with this latter finding, the WCJ held Claimant had recovered from his "work-related injuries" by February 8, 2018, and awarded wage loss benefits through that date. R.R. at 25a, FOF 15.[10]

Employer and Claimant cross-appealed to the Board. The Board vacated and remanded on the ground that the WCJ failed to issue a "reasoned decision" as required by Section 422(a) of the Act, 77 P.S. § 834.[11] The Board explained it was "unable to determine how" the WCJ found that Claimant sustained injuries to his "left ankle, neck, left shoulder, and low back," while simultaneously crediting Spellman's testimony. R.R. at 53a. Accordingly, the Board remanded to the WCJ with instructions to "clarify Claimant's description of injury relative to his August 5, 2017, work incident" and "reconsider whether Claimant fully recovered from that injury as of February 8, 2018." R.R. at 53a-54a.

On remand, the WCJ issued a new decision (Revised Decision) with detailed findings regarding witness credibility and the scope of Claimant's injuries. In the Revised Decision, the WCJ credited Claimant's testimony that his left ankle,

---

[9] The WCJ "accepted [Spellman's testimony] over that of Dr. Bram . . . based on [Spellman's] status as a Board-certified orthopedic surgeon." R.R. at 24a, FOF 12.

[10] The WCJ also ordered Employer to pay for Claimant's reasonably necessary medical treatment and certain litigation costs incurred by Claimant's counsel.

[11] Among other things, this section of the Act requires WCJs to issue "a reasoned decision containing findings of fact and conclusions of law based upon the evidence as a whole which clearly and concisely states and explains the rationale for the decision[.]" 77 P.S. § 834. The Pennsylvania Supreme Court has held a WCJ's decision is "reasoned for purposes of Section 422(a) if it allows for adequate review by the [Board] without further elucidation." *Daniels v. Workers' Comp. Appeal Bd. (Tristate Transp.)*, 828 A.2d 1043, 1052 (Pa. 2003).

shoulder, head, and neck were "sore immediately following the accident." R.R. at 62a, FOF 10. However, the WCJ rejected the remainder of Claimant's testimony, finding he did not suffer a back injury on August 5, 2017 and did not suffer from any ongoing disability. The WCJ rejected Bram's testimony to the extent it conflicted with Spellman's based on Spellman's "status as a board-certified orthopedic surgeon" and the thoroughness he displayed by issuing an addendum report after reviewing additional MRI studies ordered by Bram. R.R. at 62a-63a, FOF 12. Ultimately, the WCJ found Claimant suffered a "soft tissue injury to his neck" that rendered him totally disabled until February 8, 2018. R.R. at 63a, FOF 14, Conclusion of Law (COL) 2. The WCJ terminated Claimant's benefits as of that date and awarded reasonable medical costs, as well as reasonable litigation expenses incurred by Claimant's counsel.

Claimant filed a second appeal to the Board, without success. In affirming the WCJ's Revised Decision, the Board held the WCJ's findings regarding the extent of Claimant's injury were supported by substantial evidence, namely, the expert testimony of Spellman. The Board also held that the WCJ was free to reject Claimant's testimony regarding the extent of his injuries based on the WCJ's observation of Claimant's demeanor while testifying live.[12]

Claimant now appeals to this Court.

We review the Board's order for violations of constitutional rights, violations of agency practice and procedure, and other legal errors. 2 Pa.C.S. § 704. Further, we review whether substantial evidence supports the findings of fact necessary to sustain the Board's decision. *Id.*

---

[12] The Revised Decision also rejected Claimant's testimony because it was "not corroborated by the competent, credible medical evidence of record." R.R. at 62a, FOF 10.

6

On appeal, Claimant contends the Board erred in concluding that two findings in the Revised Decision were supported by substantial evidence. Specifically, Claimant challenges the findings that his work-related injuries were limited to a soft tissue neck injury, and that he fully recovered from that injury by February 8, 2018. Because they involve the same legal principles, we address these issues together.

In the Pennsylvania workers' compensation system, the WCJ "is the ultimate finder of fact and the exclusive arbiter of credibility and evidentiary weight." *Thompson v. Workers' Comp. Appeal Bd. (USF&G Co.)*, 781 A.2d 1146, 1150 (Pa. 2001) (citation omitted); *see also PEC Contracting Eng'rs v. Workers' Comp. Appeal Bd. (Hutchison)*, 717 A.2d 1086, 1089 (Pa. Cmwlth. 1998) (recognizing that WCJ possesses the "prerogative to determine the credibility of witnesses and the weight to be accorded evidence"). This Court's review is limited to determining whether the WCJ's findings are "supported by substantial evidence." 2 Pa.C.S. § 704. "Substantial evidence" means "such relevant evidence as a reasonable mind might accept to support a conclusion." *Republic Steel Corp. v. Workmen's Comp. Appeal Bd. (Shinsky)*, 421 A.2d 1060, 1062 (Pa. 1980) (citation omitted). Our focus, then, is limited to finding some *reasonable* support in the record for the WCJ's findings—we do not survey the record and weigh the evidence anew. *Casne v. Workers' Comp. Appeal Bd. (STAT Couriers, Inc.)*, 962 A.2d 14, 17 (Pa. Cmwlth. 2008); *see also Republic Steel*, 421 A.2d at 1063 ("[A]ppellate review must focus on whether there is rational support in the record . . . for the agency action."). Accordingly, "it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the WCJ . . . ." *Hoffmaster v. Workers' Comp. Appeal Bd. (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998) (citation omitted). Furthermore, we must construe the evidentiary record in the light

7

most favorable to the prevailing party below, drawing all reasonable inferences in that party's favor. *Lehigh Cnty. Vo-Tech Sch. v. Workmen's Comp. Appeal Bd. (Wolfe)*, 652 A.2d 797, 800 (Pa. 1995).

First, Claimant contends the WCJ lacked substantial evidence to conclude his work-related injury was limited to a soft tissue neck injury. The WCJ's finding in this regard was clearly supported by the testimony of Spellman, whose expert diagnosis was that Claimant suffered a minor neck injury that had fully healed within seven months. It is well settled that a physician's opinion constitutes substantial evidence to support a particular finding of fact. *See, e.g., Minicozzi v. Workers' Comp. Appeal Bd. (Indus. Metal Plating, Inc.)*, 873 A.2d 25, 29 (Pa. Cmwlth. 2005) ("Because the WCJ's determination that [the claimant] could perform the modified duty position is supported by [the employer's] Physician's testimony . . . we cannot disturb it."); *Laird v. Workmen's Comp. Appeal Bd. (Michael Curren & Assocs.)*, 585 A.2d 602, 604 (Pa. Cmwlth. 1991) ("[The physician] consistently testified that Claimant recovered from his injury. This testimony constitutes substantial evidence to support the disputed finding."). Claimant advances numerous reasons why the WCJ should have accepted Bram's testimony as more persuasive, but none are availing in light of our limited standard of review.[13]

---

[13] Claimant argues Bram's testimony is more consistent with the negative findings contained in MRI studies of Claimant's back because Claimant never experienced back pain before the accident. Thus, Claimant argues, "any reasonable mind would have found that . . . [the] findings on the lumbar MRI were caused by [the] August 5, 2017 work accident." Claimant's Br. at 15. Spellman, however, explicitly addressed the MRI studies and testified that the negative findings therein could not have resulted from the motor vehicle accident because Claimant did not experience back pain until three weeks after the accident. *See* R.R. at 21a, FOF 5. The WCJ was within his authority to accept this explanation of Claimant's back pain over that provided by Bram. *Minicozzi*, 873 A.2d at 28 ("The WCJ, as fact-finder, may accept or reject the testimony of any witness, including a medical witness, in whole or in part.") (citation omitted).

8

Similarly, Claimant attempts to overturn the WCJ's finding that he fully recovered from his injury by February 8, 2018, by simply repeating Bram's contrary conclusion. Again, it is not our role to reopen the debate between the competing medical experts in this case; we are simply tasked with considering whether "substantial evidence" exists to support the WCJ's findings. *See* 2 Pa.C.S. § 704. As the Board correctly noted in its decision, the WCJ's finding of full recovery was amply supported by Spellman's testimony. R.R. at 81a ("the finding of full recovery is supported by Dr. Spellman's [independent medical examination] on [February 8, 2018]."). It is irrelevant that the record contains evidence which might have supported a contrary finding. *Hoffmaster*, 721 A.2d at 1155. Therefore, we affirm the Board.

_____
STACY WALLACE, Judge

---

Claimant also reiterates Bram's view that the only way Spellman could conclude Claimant's back issues were the result of a longstanding, degenerative condition is by reviewing an imaging study from before the work accident. Claimant's Br. at 19. As noted above, however, Spellman reached this conclusion on the basis that Claimant would have experienced instantaneous pain if a disc in his back became herniated at the time of the accident. R.R. at 21a, FOF 5; *see also* R.R. at 299a-300a (Deposition of William Spellman, M.D.) ("If you have a disc herniation as a result of an episode of trauma, you are tearing the annulus, and that produces pain immediately."). The WCJ resolved this testimonial conflict in favor of Spellman's account of Claimant's injury, and Claimant has not given us any reason to disturb that finding on appeal.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Anwar Singleton,              :
            Petitioner   :
                    :
       v.             :   No.  1095 C.D. 2021
                    :
Dom Leasing, Inc. (Workers'   :
Compensation Appeal Board),   :
           Respondent  :

# **O R D E R**

     **AND NOW**, this 5th day of July 2022, the September 8, 2021, Order of the Workers' Compensation Appeal Board is hereby **AFFIRMED**.

_____
STACY WALLACE, Judge