IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elisabel Folk,                         :
                    Petitioner         :
        v.                             :    No. 1603 C.D. 2022
                                       :
Kaolin Mushroom Farms, Inc.            :
(Workers' Compensation Appeal          :
Board),                                :
                    Respondent         :    Submitted: February 6, 2024

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOLF                    FILED:  April 19, 2024


        Elisabel Folk (Claimant) petitions for review of the order of the Workers' Compensation Appeal Board (Board) that affirmed a Workers' Compensation Judge's (WCJ) decision granting Claimant's Claim Petition, in part, under the Workers' Compensation Act (Act),[1] and denying and dismissing her Petition to Modify Compensation Benefits (Modification Petition).  Claimant contends that the WCJ's finding that Claimant's work injury was limited to "scrapes and bruises and muscle pain of the neck and right shoulder" was in error and should be reversed. WCJ's Op. 9/21/2021, Reproduced Record (R.R.) at 2a-14a, Finding of Fact (F.F.) No. 11.   Kaolin Mushroom Farms, Inc. (Employer) disputes that any further injuries or diagnoses are supported by substantial evidence.  Upon review, we affirm.

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4; 2501-2710.

# I. BACKGROUND

On November 2, 2020, Claimant filed a Claim Petition against Employer seeking disability for work-related injuries she sustained because of a fall on February 18, 2020. WCJ Opinion, R.R. at 4(a). Claimant alleged injuries including a contusion to the right side of her face, and neck injuries resulting in surgery at C2-C7. Claimant alleged temporary total disability from August 18, 2020 and ongoing surgical scarring. *Id.*

On April 15, 2021, Claimant filed a Modification Petition alleging that as of March 9, 2020, there was an incorrect description of her injuries because of global weakness to both upper extremities and chronic bilateral shoulder pain with a weak rotator cuff. The Petitions were consolidated for disposition before the WCJ. WCJ Opinion, R.R. at 4(a).

The WCJ summarized the evidence and made the following relevant findings. Claimant worked for Employer as a fleet safety manager at the time of her initial work-related injury and was responsible for overseeing the transportation department and its drivers, doing vehicle registrations, and handling payroll and accounts payable. WCJ Opinion, F.F. No.2(a).

On February 18, 2020, Claimant, as part of her job duties, went to Wiggins Auto and Tags in Kennet Square, Pennsylvania, to obtain a vehicle registration for a newly purchased vehicle. As Claimant was leaving Wiggins, she walked out the door, and stepped down two steps in front of the building and lost her balance. Claimant hit the right side of her head and body against a cement wall. Claimant sustained cuts to her face and believed she had a concussion. WCJ Opinion, F.F. No. 2(c).

Claimant returned to work following the incident. Claimant used an ice pack on her head during a subsequent meeting in which she informed her direct supervisor, human resources director, and safety manager director of her fall and injuries. WCJ Opinion, F.F. No. 2(d).

Claimant sought care at an urgent care center in March 2020. WCJ Opinion, F.F. No. 2(g). Claimant complained of pain in her neck and shoulder. Claimant did not disclose any long-term injury or the fall. The urgent care center did x-rays and provided Claimant with a prescription for a muscle relaxer. *Id.* Claimant also saw her family physician, Dr. Narrinder Singh (Family Physician) in March 2020 for anxiety issues relating to the COVID-19 pandemic and her job. Claimant mentioned her fall during this visit. She received a prescription for anxiety medication. *Id.*, F.F. No. 2(h).

Claimant again sought medical treatment on June 1, 2020 at Union Hospital in Elkton, Maryland for numbness down both arms and in her face and thighs. WCJ Opinion, F.F. No. 2(i). Claimant was prescribed medication and referred back to Family Physician. Claimant had a follow-up appointment with Family Physician approximately a week later. In between these appointments, Claimant had discussions with her human resources manager related to her injuries and her pain and numbness. Claimant spoke with Family Physician and insisted on a magnetic resonance image (MRI) which occurred on June 25, 2020. *Id.*, F.F. Nos. 2(i)-2(j)

Claimant scheduled a surgical consultation with Dr. J. Rush Fisher, an orthopedic surgeon (Surgeon), on July 6, 2020, resulting in a recommendation of surgery. WCJ Opinion, F.F. No. 2(k). Claimant underwent cervical spinal surgery on August 18, 2020. Due to surgical complications, Claimant was sent home by

ambulance a few days later. Claimant returned for a subsequent surgery on August 27, 2020. *Id.*

Claimant continues to have neck pain and numbness in both hands and arms as well as her feet. WCJ Opinion, F.F. No. 2(m). She does not believe she can return to work because she has issues sitting for extended periods of time. *Id.*, F.F. No. 2(n).

Surgeon, Claimant's expert witness, is a board-certified orthopedic surgeon. Surgeon performed reconstructive surgery for Claimant's cord syndrome. The purpose was to decompress, realign and stabilize the surgical spine. Surgeon opined the reason for these procedures was due to Claimant's work-related injury on February 18, 2020. WCJ Opinion, F.F. Nos. 3(a)-3(c). Further, Surgeon testified that Claimant's current condition is permanent. *Id.*, F.F. No. 3(f).

To support these findings, Surgeon referred to the June 25, 2020 MRI which showed, in his opinion, that Claimant had a significant spinal cord injury. Claimant was also suffering from very dense central cord syndrome. WCJ Opinion, F.F. No. 2(j). Specifically, in regards to the MRI, Surgeon opined that this revealed significant arthritis of the neck. *Id.*, F.F. No. 3(d).

Claimant was also examined by Dr. Scott Rushton (Dr. Rushton), on February 5, 2021 for an independent medical examination. WCJ Opinion, F.F. No. 8(a). Dr. Rushton is board certified in orthopedic surgery and regularly performs surgery in the nature of spine surgery in his capacity as assistant chief of orthopedics and spine surgery for the Main Line Health System. Dr. Rushton Deposition, R.R. at 248a. Dr. Rushton opined that the February 18, 2020, incident did not contribute or cause Claimant's cervical spine injury. *Id.*, F.F. No. (8)(j). Dr. Rushton determined the medical records were not consistent with a traumatic injury to the

4

cervical spine and that Claimant's condition is related to a preexisting degenerative spine disease. *Id*. Dr. Rushton opined Claimant had no restrictions related to the work incident and could return to work. Dr. Rushton concluded her surgical issues and subsequent surgery would impact her ability to return to work. *Id.*, F.F. No. 8(k).

By decision dated September 21, 2021, the WCJ granted the Claim Petition, in part, for injuries related to the February 18, 2020 fall including scrapes, bruises, and muscle pain of the neck and right shoulder. WCJ Opinion, F.F. No. 12. The WCJ then denied and dismissed the Modification Petition concluding that Claimant failed to prove that her injury on February 18, 2020, resulted in disability. *Id*. The WCJ reviewed the findings of both Surgeon and Dr. Rushton and found Surgeon to be neither credible nor persuasive. *Id*., F.F. No. 9. Alternatively, the WCJ found the testimony of Dr. Rushton to be credible and persuasive. *Id*., F.F. No. 10. The WCJ found Dr. Rushton's opinions the most consistent with the timeline of events. *Id.*

Claimant timely appealed the WCJ's decision to the Board. By decision dated March 22, 2022, the Board affirmed. Board Opinion, 3/22/22, R.R. at 16a-29a. In its decision, the Board noted "[t]he WCJ thoroughly and accurately summarized the evidence and witness testimony and made well-reasoned credibility determinations to reach her conclusions." *Id.,* R.R. at 27a. Claimant then petitioned for review to this Court.

## II. ISSUES

Claimant argues that the WCJ erred in determining she had not met her burden of proof as to her disability. Claimant believes that she demonstrated, through substantial, credible, and persuasive evidence and expert medical testimony,

5

that she sustained a cervical spinal cord injury and developed dense central cord syndrome as a result of the February 18, 2020 work-related incident, causing her total disability and the need for ongoing medical treatment. Claimant's Brief at 18. Based on Surgeon's and Claimant's own testimony, Claimant asserts the Board's affirmance of the WCJ's decision was an abuse of discretion, an error of law, and was not supported by substantial evidence. *Id.*

In response, Employer asserts "[Claimant's] arguments on appeal are nothing more than an impermissible challenge to the credibility determinations of the WCJ." Employer's Brief at 25. Employer further states:

> [T]he pertinent inquiry is not whether the evidence can be interpreted to support the result desired by [Claimant], but whether there is evidence that can be reasonably interpreted to support the WCJ's actual decision. . . . While [Claimant] was dissatisfied with the outcome, the WCJ's decision was fully supported by the evidentiary record and [well reasoned]. . . .

Employer's Brief at 26 (citation omitted).

Employer also raises an issue concerning the timeliness of Claimant's appeal.[2]

---

[2] Employer argues that Claimant failed to preserve her appeal because her petition for review was untimely. We do not agree. In this case, Claimant, through counsel, initiated this action on April 20, 2022, by filing a brief in support of her arguments on appeal rather than filing a petition for review as required by Pa.R.A.P. 1511. Claimant's brief/initiating document was filed within the 30-day appeal period. *See* Pa.R.A.P. 1512. On February 28, 2023, the Commonwealth Court Prothonotary issued a letter pursuant to the Commonwealth Court's Internal Operating Procedures, Section 211, 210 Pa.Code §69.211, directing Claimant to file her petition for review within 30 days of the Prothonotary's letter. Claimant filed a timely conforming petition for review on March 27, 2023. Under the circumstances, it is apparent that Claimant preserved her appeal by filing an initiating document on April 20, 2022. To the extent Employer seeks to have Claimant's appeal quashed as untimely, the Court will not take such action.

**III. DISCUSSION**

Section 704 of the Administrative Agency Law, 2 Pa.C.S. §704, limits the Court's "scope of review to determining whether constitutional rights have been violated, whether an error of law was committed and whether necessary findings of fact are supported by substantial evidence." *Morocho v. Workers' Compensation Appeal Board (Home Equity Renovations, Inc.)*, 167 A.3d 855, 858 n.4 (Pa. Cmwlth. 2017) (citing *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 631 A.2d 693 (Pa. Cmwlth. 1993)). Substantial evidence is defined as:

> such relevant evidence a reasonable person might find sufficient to support the WCJ's findings.' *Rosenberg v. Workers'* [*Compensation*] *Appeal* [*Board*] *(Pike County)*, 942 A.2d 254, 249 n.4 (Pa. Cmwlth. 2008). In determining whether a finding of fact is supported by substantial evidence, this Court must consider the evidence as a whole, view the evidence in a light most favorable to the party who prevailed before the WCJ, and draw all reasonable inferences which are deducible from the evidence in favor of the prevailing party.

*Frog, Switch & Manufacturing Company v. Workmen's Compensation Appeal Board (Johnson)*, 106 A.3d 202, 206 (Pa. Cmwlth. 2014) (citing *O'Rourke v. Workers' Compensation Appeal Board (Gartland)*, 83 A.3d 1125, 1132 n. 6 (Pa. Cmwlth. 2014)). The WCJ acts as the sole factfinder to assess credibility and to resolve conflicts in the evidence. *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152 (Pa. Cmwlth. 1998). In cases where both parties provide evidence, it is not material if the record supports an alternative

7

finding. *Id.* It is solely the responsibility of the WCJ to determine what weight to give to any evidence. *Id.* Once the WCJ makes a credibility determination it can only be disturbed if "it is arbitrary and capricious or so fundamentally dependent on a misapprehension of material facts, or so otherwise flawed, as to render it irrational." *Casne v. Workers' Compensation Appeal Board (STAT Couriers, Inc.)*, 962 A.2d 14, 19 (Pa. Cmwlth. 2008). The WCJ issued the following relevant Findings of Fact:

> 9. Based on a review of the evidence as a whole, this Judge finds the testimony of [Surgeon] to be neither credible nor persuasive. [Surgeon's] opinions are not consistent with the timeline of the injury and onset of symptoms as documented in the medical records. [Surgeon] admitted that the medical records do not document neurological symptoms during several medical visits prior to July 6, 2020 and admitted that Claimant had significant degeneration in her cervical spine.

> 10. Based on a review of the evidence as a whole, this Judge finds the testimony of Dr. Rushton to be credible and persuasive and accepts the same as fact. Dr. Rushton's opinions are most consistent with the timeline of events and onset of symptoms as documented in the records as well as Claimant's degenerative cervical spine condition.

> 11. Based on a review of the evidence as a whole, this Judge finds the testimony of Claimant regarding the cause of her cervical spine and shoulder injuries and resulting disability to be neither credible nor persuasive. This Judge finds it credible that Claimant did, in fact, fall into a concrete wall when she lost her balance on February 18, 2020, but this Judge does not find it credible that she sustained the injuries that she alleged and resulting disability. Claimant's allegations are not supported by the history provided in the medical records and the allegations are not consistent with Claimant's treatment weeks later.

This Judge finds it credible that Claimant sustained an injury on February 18, 2020 that resulted in scrapes and bruises and muscle pain of the neck and right shoulder, but Claimant could work without restriction because of this injury. It was not until more than two weeks later that Claimant sought treatment and then the treatment was not initially for numbness, but rather cervical and shoulder pain and she did not provide a history of her February fall. She then sought treatment for unrelated anxiety issues with no real mention of symptoms related to her fall. She treated again in June 2020 wherein she again complains of neck and shoulder pain but says the onset was March 2020. She denied a recent fall and there was no reported weakness. It was not until mid-June that Claimant described her February fall but admitted that she did not have an onset of symptoms until a month later. There were no myelopathic symptoms documented at that time.

12. Based on a review of the evidence as a whole, this Judge finds that Claimant met her burden of proving a relatively minor injury on February 18, 2020 but failed to prove that it resulted in disability. Employer essentially agreed that the incident occurred on February 18, 2020. Arguably her first treatment in early March at Express Care may have been related to that injury if given the benefit of the doubt. However, Claimant failed to prove that she sustained injuries more serious than scrapes and bruises and muscle pain of the neck and right shoulder or that her injuries resulted in disability.

WCJ Opinion, F.F. Nos. 9-12.

The Board summarized the testimony and findings of the WCJ and concluded, "The WCJ thoroughly and accurately summarized the evidence and witness testimony and made well-reasoned credibility determinations to reach her conclusions." Board Opinion, R.R. at 27(a). The Board further observed, "This illustrates that the WCJ did not act arbitrarily in making her credibility determinations and they may not be disturbed on appeal." *Id.*

9

On appeal to this Court, Claimant alleges that there are numerous inconsistencies in the WCJ's Findings of Fact, and that the WCJ abused her discretion and acted arbitrarily and capriciously by rejecting Surgeon's testimony and instead relying upon the testimony of Dr. Rushton. Claimant challenges the competency of Dr. Rushton's determinations, asserting he did not review Claimant's testimony wherein she indicated that after striking the wall, she was bruised, scraped, had a swollen eye, was bleeding, and believed she was concussed.

Further, Claimant testified that she did not have neck problems prior to the fall and had not been treated for such issues. Claimant's Brief at 17. Claimant argues that for this to be a preexisting degenerative disease, she should have had some prior issues or diagnoses. *Id.* Claimant also testified that she had not had any other intervening incidents following the fall on February 18, 2020 and her surgery in August 2020. *Id.* Claimant also disputes Dr. Rushton's report stating:

> Dr. Rushton agreed that a patient can have asymptomatic degenerative conditions that become symptomatic with trauma, that an injury to a degenerative spine can depend on the mechanism of injury, such as body position, force generated and degree of degenerative changes, and that tripping and falling into a cement wall with enough force that causes cuts and bleeding can cause previous asymptomatic degenerative changes to become painful or symptomatic.

Claimant's Brief at 17.

Claimant avers that the foregoing constitutes substantial evidence that the February 18, 2020 fall caused her cervical spine injury and degenerative spine disease. Therefore, both the WCJ and Board erred in finding Dr. Rushton's testimony to be both credible and persuasive and, as such, substantial evidence.

10

Further, the decision of the WCJ and the Board should be reversed due to an abuse of discretion, an error of law, and unsupported factual findings.

This is not the case. Dr. Rushton testified that such a fall could aggravate asymptomatic degenerative changes causing them to become symptomatic; however, Dr. Rushton explained that this also requires contemporaneous medical records following the injury. Certified Record, Exhibit No. 23, Deposition of Scott A. Rushton, M.D., 6/17/21 at 42; 71. The fall happened on February 18, 2020 and Claimant did not seek medical treatment until March 9, 2020 – 19 days after the initial fall. Here, there are no contemporaneous medical records that provide objective evidence to substantiate a cervical spine injury because of the fall on February 18, 2020. We agree with the Board that, viewing Dr. Rushton's testimony as a whole, it was not based on inaccurate information or such a misunderstanding of the mechanism of injury to render his opinion incompetent.

"The [WCJ] is free to accept or reject the testimony of any witness, including medical witnesses, in whole or in part." *Greenwich Collieries v. Workmen's Compensation Appeal Board (Buck),* 664 A.2d 703, 706 (Pa. Cmwlth. 1995). The fact that one party to a proceeding may view testimony differently than the fact finder is not grounds for reversal if the findings are supported by substantial evidence. *Tapco, Inc. v. Unemployment Compensation Board of Review,* 650 A.2d 1106, 1108–09 (Pa. Cmwlth. 1994). Further, a medical expert's opinion is not rendered incompetent unless it is *solely* based on inaccurate or false information. *American Contracting Enterprises, Inc. v. Workers' Compensation Board Appeal Board,* 789 A.2d 391, 396 (Pa. Cmwlth. 2001) (emphasis supplied). That is not the case here. Indeed, Dr. Rushton's opinion is not based on inaccurate or false information, it is based on a lack of medical records contemporaneous to the

11

February 18, 2022 fall. Contrary to Claimant's assertions, this does not make Dr. Rushton's testimony incompetent.

As Claimant's arguments on appeal amount to nothing more than an impermissible challenge to the WCJ's credibility determinations, and for reasons stated above, we affirm the Board's order.

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Elisabel Folk,                                    :
                 Petitioner        :
     v.                                          :    No. 1603 C.D. 2022
                                            :
Kaolin Mushroom Farms, Inc.                        :
(Workers' Compensation Appeal              :
Board),                                            :
                Respondent       :

# **O R D E R**

AND NOW, this 19th day of April 2024, the order of the Workers' Compensation Appeal Board in the above-captioned matter is AFFIRMED.

_____
MATTHEW S. WOLF, Judge