IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Chester Water Authority,       :
              Petitioner      :
      :
         v.         :    No. 824 C.D. 2023
      :    Submitted: June 4, 2024
Charles Swiggett (Workers'    :
Compensation Appeal Board),    :
         Respondent    :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MATTHEW S. WOLF, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT           FILED: August 28, 2024

Chester Water Authority (Employer) has petitioned for this Court's review of an adjudication of the Workers' Compensation Appeal Board (Board) that granted Charles Swiggett's (Claimant) claim petition. In doing so, the Board affirmed the Workers' Compensation Judge's (WCJ) decision, as modified,[1] that Claimant sustained a work-related injury in the nature of an aggravation of pre-existing lumbar spine degenerative disease and lumbar radiculopathy. We affirm the Board.

## Background

Claimant worked for Employer as a laborer and suffered a low back injury after shoveling snow on January 26, 2016. By decision of May 10, 2018, the WCJ determined that Claimant sustained an aggravation of facet joint pathology at

---

[1] The Board modified the WCJ's decision to clarify benefits were payable at the compensation rate shown in Employer's statement of wages.

L3-4 and L4-5 and, thus, awarded compensation benefits.[2] Claimant's benefits were suspended based upon his return to work without loss of earnings on October 10, 2017. On February 24, 2020, Employer filed a petition to terminate compensation benefits, alleging that Claimant had fully recovered from the 2016 work injury as of February 12, 2020. On July 13, 2021, the WCJ granted Employer's termination petition.

On December 22, 2021, Claimant filed a claim petition alleging that on January 20, 2021, he sustained a low back injury after "[p]erforming heavy work on repetitive basis." R.R. 5a. On January 27, 2021, Claimant filed a reinstatement petition alleging that on January 21, 2021, he sustained a "[w]orsening of [c]ondition," and that the disability caused by the 2016 injury had recurred. Reproduced Record at 377a (R.R. ___). Claimant's two petitions were consolidated for a hearing before the WCJ.

Claimant testified in person on February 10, 2022, and presented his deposition testimony of April 15, 2021. Claimant also presented his in-person testimony taken on January 12, 2021, before the WCJ during the termination petition proceeding. In sum, Claimant testified that his job duties with Employer included lifting heavy items such as concrete, using a jackhammer, digging, and crawling underground. After the 2016 injury, he resumed his regular job. In July 2020, while lifting a pump from a truck, Claimant sustained a hernia, for which he underwent surgery in August 2020. Thereafter, in October 2020, he returned to work in a light-duty capacity and one month later returned to his full-duty position. On January 20, 2021, while using a 120-pound jackhammer on concrete and blacktop, his back started hurting severely.

_____

[2] In various points in the record, "facet joint pathology" is also referred to as "facet arthropathy."

Claimant treated with Venkatesh Sundararajan, M.D., for his 2016 injury and continued treating with him after the January 20, 2021, incident. Claimant acknowledged that his medical treatment has not changed over the years, and his physical condition remained the same.

Claimant presented the deposition testimony of Dr. Sundararajan, who is board certified in anesthesiology and pain management. He has been treating Claimant for his low back pain with epidural steroid injections, medications, and physical therapy. Claimant received an epidural injection at L4-5 in September 2020 and reported pain relief in October and November 2020. In December 2020, after he resumed a full-duty position, Claimant's back pain returned, and Dr. Sundararajan recommended magnetic resonance imaging (MRI) to see if there was a "new pathology" or an "exacerbation of his low back pain." Sundararajan Dep. at 25; R.R. 147a. The MRI taken on January 8, 2021, showed multiple areas of degenerative change, including herniations at L3-4 and L4-5 with nerve root impingement. Sundararajan Dep. at 27-28; R.R. 149a-50a.

Dr. Sundararajan testified that he reinstated Claimant's work restrictions on January 20, 2021, when Claimant reported increased low back pain. Based upon the MRI findings and his examination, Dr. Sundararajan diagnosed Claimant with low back pain, lumbar radiculopathy, intervertebral disc displacement, and lumbar spondylosis. Dr. Sundararajan testified that Claimant's daily work duties, coupled with the hernia he sustained in July 2020 and the subsequent surgery, contributed to Claimant's low back symptoms and inability to perform his pre-injury job. He explained as follows:

> So, [I am] pretty sure what happened is that the hernia caused a
> deconditioning of his support structures or core muscles, leading
> to more [] injury or more complaints of low back pain and
> radicular symptoms.

3

And since the hernia surgery, [he has] had more low back pain and leg complaints because of the structures not supporting his low back when he went back to work.

. . . .

I think the increase in pathology [from November 23, 2020, until January 20, 2021, while Claimant was working at his full-duty position] was caused by the disc herniations in his lumbar spine impinging upon the nerve roots. And they were more likely put in that precarious position because he [was not] able to kind of support the movements of the spine because of his deconditioned support structure.

Sundararajan Dep. at 47-48; R.R. 169a-70a.

On cross-examination, Dr. Sundararajan acknowledged that Claimant's pain has "wax[ed] and wan[ed] over the years." Sundararajan Dep. at 68; R.R. 190a. He saw Claimant on a monthly basis and his diagnoses have remained the same since 2020. Accordingly, there has been no change in Claimant's medical treatment plan.

In response, Employer presented the deposition testimony of Richard Meagher, M.D., a board-certified neurologist. Dr. Meagher testified that he evaluated Claimant on February 12, 2020, and again on April 27, 2021. Claimant presented the same low back pain, and he denied new injuries. Dr. Meagher's examination found no objective signs of facet arthropathy or worsening or aggravation of his low back condition. Claimant's medical records through March 2021 showed the same pattern of treatment over the past years. Dr. Meagher reviewed the actual film of Claimant's MRI taken in January 2021 and saw lumbar spondylosis, which is a degenerative change appropriate for Claimant's age. The MRI did not reveal an acute injury. Dr. Meagher disagreed with the radiologist's reading of the film and found no disc herniation but an osteophyte. There was no nerve root compression that would cause radicular complaints.

4

Dr. Meagher testified that he compared the 2021 MRI with an MRI Claimant took in 2016. Again, he disagreed with the radiologist's reading of the 2016 study and opined that the two MRI reports showed the same degenerative findings. The 2016 MRI report described nerve root impingement, but none was reported in the 2021 study.

In sum, Dr. Meagher testified that Claimant's condition has remained the same since 2020, and he considered Claimant fully recovered from the lumbar sprain and strain and aggravation that he sustained in 2016. Dr. Meagher found no new injury or worsening of condition or aggravation of any work injury when he saw Claimant in April 2021.

### WCJ's Decisions

On August 16, 2022, the WCJ denied Claimant's reinstatement petition and concluded that Claimant did not sustain a worsening of his 2016 injury, from which he had fully recovered. The WCJ granted the claim petition. Crediting Claimant's testimony, the WCJ found that on January 20, 2021, Claimant sustained an aggravation of his pre-existing lumbar spine degenerative disease and lumbar radiculopathy while performing heavy work for Employer after his return to work from the hernia surgery. The WCJ credited Dr. Sundararajan's testimony over Dr. Meagher's because Dr. Sundararajan had the benefit of years of treating Claimant. Further, Dr. Meagher failed to acknowledge the possibility that the heavy-duty work performed by Claimant after being out of work for four months recovering from the hernia surgery may have aggravated Claimant's chronic low back condition. Dr. Meagher also did not adequately explain his opinion that Claimant's continuing to perform heavy-duty work, including digging and using a jackhammer, did not aggravate his chronic low back condition.

5

The Board affirmed the WCJ's grant of the claim petition. It rejected Employer's argument that the WCJ's finding of full recovery from the aggravation of facet arthropathy at L3-4 and L4-5 precluded a finding that Claimant sustained another injury to his low back. Dr. Sundararajan credibly testified that Claimant's work duties led to an increase in pain that resulted in disability.

Employer appealed to this Court.

**Appeal**

On appeal,[3] Employer argues that the WCJ's finding that Claimant sustained a new or aggravated low back injury on January 20, 2021, was not supported by substantial evidence. Claimant's 2016 work injury, *i.e.*, aggravation of facet joint pathology at L3-4 and L4-5, had returned to its baseline. In denying Claimant's reinstatement petition, the WCJ found no recurrence or worsening of the 2016 work injury. The same findings in support of the denial of the reinstatement petition cannot support an aggravation of or a new low back injury. Claimant had a "mere manifestation of symptoms from a past discrete injury." Employer Brief at 18 (quoting *City of Philadelphia v. Workers' Compensation Appeal Board (Williams)*, 851 A.2d 838, 842 (Pa. 2004)). Both Claimant and Dr. Sundararajan acknowledged that his chronic lumbar pain has "wax[ed] and wan[ed] over the years." Employer Brief at 21 (quoting Sundararajan Dep. at 68; R.R. 190a)). Dr. Sundararajan offered the same diagnosis before and after January 20, 2021, and Claimant reported the same fluctuating pain before and after January 2021. Employer argues that Dr. Meagher's testimony "underscored the lack of evidence of

---

[3] This Court's review of a workers' compensation adjudication determines whether an error of law or a constitutional violation was committed or whether the findings of fact are supported by substantial, competent evidence. *Myers v. Workers' Compensation Appeal Board (University of Pennsylvania and Alexsis, Inc.)*, 782 A.2d 1108, 1110 n.1 (Pa. Cmwlth. 2001).

any actual change in Claimant's condition as of January 20, 2021." Employer Brief at 25 (emphasis in original omitted).

Claimant, who did not file a brief, has not offered a response to Employer's argument.

The WCJ credited Claimant's testimony that upon his return to full-duty work in November 2020, his back pain returned and that on January 20, 2021, while Claimant was using a 120-pound jackhammer, Claimant's back began hurting severely. The WCJ also credited Dr. Sundararajan's diagnosis that as of January 20, 2021, Claimant had lumbar region radiculopathy, low back pain, intervertebral disc displacement, and lumbar spondylosis. The WCJ credited Dr. Sundararajan's testimony that Claimant's daily work duties, coupled with his deconditioned state after the hernia surgery, caused additional low back pain and, ultimately, an inability to perform his pre-injury work as of January 20, 2021. The WCJ rejected Dr. Meagher's contrary testimony for the stated reasons that Dr. Sundararajan has treated Claimant for years, and Dr. Meagher failed to acknowledge the possibility that Claimant's ongoing heavy-duty work, which he performed after being out of work for four months recovering from the hernia surgery, may have aggravated Claimant's chronic low back condition. Based upon the credited lay and medical evidence, the WCJ found, as fact, that Claimant "sustained an aggravation of his pre-existing lumbar spine degenerative disease and lumbar radiculopathy from performing his heavy duty position . . . for [] Employer after his return to work from hernia surgery." WCJ Decision, 8/16/2022, at 11; Finding of Fact No. 17. This is the prerogative of the factfinder. *Casne v. Workers' Compensation Appeal Board (Stat Couriers, Inc.)*, 962 A.2d 14, 17-19 (Pa. Cmwlth. 2008) ("A reviewing court does not reweigh evidence or review witness credibility[;]" it is the prerogative of

the WCJ "to determine the credibility of witnesses and the weight to be accorded evidence.").

The relevant inquiry in a substantial evidence analysis is not whether "there is evidence in the record which supports a factual finding contrary to that made by the WCJ," but, rather, "whether there is any evidence which supports the WCJ's factual finding." *Hoffmaster v. Workers' Compensation Appeal Board (Senco Products, Inc.)*, 721 A.2d 1152, 1155 (Pa. Cmwlth. 1998). The Court must view the evidence in a light most favorable to the party that prevailed before the factfinder. In light of the above, we hold that the record supports the WCJ's finding that the January 20, 2021, work incident caused an aggravation of Claimant's pre-existing lumbar spine degenerative disease and lumbar radiculopathy. The Board did not err in affirming the WCJ's decision.

## Conclusion

For all the foregoing reasons, we conclude that the WCJ's finding that Claimant sustained a work-related aggravation of lumbar spine degenerative disease and lumbar radiculopathy is supported by substantial evidence. We therefore affirm the Board's July 5, 2023, adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

8

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Chester Water Authority, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 824 C.D. 2023 |
| | : | |
| Charles Swiggett (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 28th day of August, 2024, the Workers' Compensation Appeal Board's adjudication, dated July 5, 2023, in the above-captioned matter, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita